**Dorman L. BAIRD et al.,**
**Plaintiffs,**

v.

**DAY & ZIMMERMAN, INC., et al.,**
**Defendants.**

**No. 71 Civ. 3205 (JMC).**

United States District Court,
S. D. New York.

June 13, 1974.

Julien, Blitz & Schlesinger, P. C., New York City (Jesse Alan Epstein, New York City, of counsel), for plaintiffs.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City (Hugh N. Fryer and Paul Sherman, New York City, of counsel), for defendant Martin Marietta Aluminum, Inc. (formerly Harvey Aluminum (incorporated)).

## MEMORANDUM

CANNELLA, District Judge:

The motion of the defendant Martin Marietta Aluminum, Inc. (formerly Harvey Aluminum), pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the complaint as against it for lack of personal and subject matter jurisdiction, is granted.

The plaintiff Baird was injured and the plaintiff Burns' intestate was killed in Vietnam on September 6, 1969, by the explosion of an artillery gun which they were operating in the service of the United States Army. Liability is ascribed to the several defendants who are alleged to have manufactured components of the gun's cartridges, fuses and shells.

Citizens of Alabama and Washington, respectively, the plaintiffs caused process to be served on the moving California defendant in California, postulating that at the time of service the defendant was doing business in the State of New York. N.Y. Civil Practice Law and Rules, Sections 301, 313; Federal Rules of Civil Procedure, Rule 4(e). This position is contested by that defendant by this motion.

The primary business of the moving defendant Martin Marietta Aluminum, Inc. ("Aluminum"), is the production and manufacture of aluminum products in California and in four other states outside New York. It is not licensed to do business in New York and has no facilities in that state. It does have a contractual relationship with Martin Marietta Aluminum Sales, Inc. ("Sales"), a wholly owned subsidiary authorized to do business in New York, by which Sales is authorized to solicit orders for Aluminum's products in New York and elsewhere.

There is also evidence that about the time of service of process an advertisement appeared in a New York telephone directory detailing Aluminum's products and listing Sales as the sales agency. The advertisement itself, even if inserted by Aluminum, is "mere solicitation" and will not support the plaintiff's claim. Delagi v. Volkswagenwerk A. G. of Wolfsburg, Germany, 29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972); Miller v. Surf Props., 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958).

The plaintiffs rely strongly upon a presumption of agency arising from the parent-subsidiary relationship of Aluminum and Sales, but the evidence is uncontested that Sales was employed as an independent contractor devoid of au-

thority to bind Aluminum in any way. Sales could solicit orders, but that is all it was empowered to do. It had no right to confirm sales or to set price schedules, or terms or conditions of sales. At best it could try to obtain orders and transmit them to Aluminum at its home office for acceptance or rejection.

 Nor does the fact that substantial dollar amounts of Aluminum's products were sold in New York alter this conclusion: "mere solicitation" or "sales of a manufacturer's product in New York, however substantial, have never made the foreign corporation manufacturer amenable to suit in this jurisdiction." *Delagi, supra.*

Evidence was brought in at the hearing that the movant (Aluminum) is a subsidiary of Martin Marietta Corporation ("Corporation"), a Delaware corporation doing business in New York, which owns 82.7% of Aluminum's outstanding shares and that the Corporation's staff provides to Aluminum: "various corporate services, including general management, financial, industrial relations and other administrative services. During 1970, the Company (Aluminum) paid Martin Marietta Corporation $232,500 for such services rendered during the latter part of 1970. The Company estimates on the basis of current accruals that payment for such services in 1971 will amount to approximately $1,250,000. Fees for such services are based on an allocation of related overhead costs by Martin Marietta Corporation. The Company's management believes that the fees paid for the services do not exceed charges which would be paid by the Company if the services were performed by nonaffiliated persons." (Ex. 3, p. 23)

Standing alone as it does, this establishes no more than that the parent, for a fee, provided the subsidiary with managerial consulting services such as might be employed in the open market. It does not establish control of the subsidiary by the parent. It was said in this respect in *Delagi*: "The control over the subsidiary's activities, we held, must be so complete that the subsidiary is, in fact, merely a department of the parent." This has not been shown here.

It is found that upon the facts adduced, the moving corporation was not doing business in New York within the meaning of New York statutes and authorities and that, consequently, personal jurisdiction has not been obtained over the moving defendant, Aluminum. It follows that subject matter jurisdiction also is lacking. *See,* New York Business Corporation Law, McKinney's Consol.Laws, c. 4, Section 1314; Farrell v. Piedmont Aviation, Inc., 411 F.2d 812, 815–816, fn. 4 (2d Cir. 1969), cert. denied, 396 U.S. 840, 90 S.Ct. 103, 24 L. Ed.2d 91 (1969).

The motion of the defendant Martin Marietta Aluminum, Inc. (formerly and named herein as Harvey Aluminum), to dismiss the complaint as against it for lack of personal and subject matter jurisdiction. is granted and the complaint is dismissed as against said defendant.

So ordered.