**Robert VOSS, Plaintiff,**

v.

**AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES AND CANADA, Rancho La Costa, Inc., and Jeanne Jennay Talent and Associates, Defendants.**

**No. 80 Civ. 0816 (KTD).**

United States District Court,
S. D. New York.

Nov. 17, 1980.

Robert Fain, P. C., Stamford, Conn., for plaintiff; David P. Burke, Stamford, Conn., of counsel.

Siff & Newman, P. C., New York City, for defendant Rancho La Costa, Inc.; Thomas R. Newman, Stuart I. Parker, New York City, of counsel.

Domnitz & Prochazka, San Diego, Cal., for defendant Jeanne Jennay Talent and Associates; Richard D. Prochazka, San Diego, Cal., of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

In this matter, plaintiff seeks (i) to have voided a certain arbitration award entered by the International Executive Board of the American Federation of Musicians resolving a dispute between plaintiff and Jeanne Jennay Talent and Associates [hereinafter "JJT&A"]; (ii) damages from the American Federation of Musicians [hereinafter "A.F. of M."] and an injunction reinstating him to the A.F. of M. from which union he was dropped for failing to pay JJT&A the arbitration award; and (iii) damages for defamation which resulted from false declarations by the defendants to the Executive Board of A.F. of M. during the arbitration.

Jurisdiction is alleged as to the defendants JJT&A and Rancho La Costa by reason of diversity of citizenship. Both JJT&A and Rancho La Costa now have moved to quash service of process in that neither do any business within the State of New York and are thereby not amenable to service of process under the New York long arm statute. The plaintiff maintains that both defendants are presently actually doing business in New York and further maintains that JJT&A has consented to jurisdiction in the State of New York by initiating the arbitration proceeding before the Executive Board of the A.F. of M.

As to Rancho La Costa there seems little doubt that it is not doing business in the State of New York. *See Fogarty v. La Costa Resort Hotel & Spa or Rancho La Costa California*, Sup.Ct., N.Y.County, Index No. 03493/79, appeal dismissed, (personal injury action against Rancho La Costa dismissed for lack of personal jurisdiction because it was not "doing business" in New York). While Rancho La Costa admittedly hires an agent to advertise its hotel and take reservation requests, these activities alone do not constitute "doing business" under § 301 of New York's long arm statute. *Miller v. Surf Props.*, 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958); *Accord, Kopolowitz v. Deepdene Hotel & Tennis Club*, 464 F.Supp. 677 (1979).

The plaintiff, however, contends that given limited discovery he will be able to prove otherwise. Plaintiff does not, however, point to exactly what he believes this limited discovery will show, other than vague

generalized conclusions. That is insufficient to prolong this matter and the requested discovery will not be granted.

As to JJT&A, plaintiff maintains that, by invoking the arbitration provisions of the employment contract before the Executive Board of the A.F. of M., defendant has submitted to jurisdiction in New York. It is true that the arbitration was brought under a contract which contained the following provision:

> In accordance with the Constitution, By-Laws, Rules and Regulations of the Federation, the parties will submit every claim, dispute, controversy or difference involving the musical services arising out of or connected with this contract and the engagement covered thereby for determination by the International Executive Board of the Federation . . . .

The By-Laws of the A.F. of M., in turn, provide that contracts dealing with the performance of services by a member as a musician shall be deemed to include the following provision:

> (C) Each party . . .

(7) agrees that the courts of the State of New York . . . shall have jurisdiction over such parties to adjudication in reference to any matter arising out of any adjudication pursuant hereto . . .

Article 9, "Claims and Arbitration," Section 6(C)(7). Plaintiff, however, does not sue JJT&A for anything except the alleged defamation which supposedly occurred during the arbitration.

 The clause noted above whereby jurisdiction over the parties with respect to matters arising out of arbitration was vested in New York Courts cannot be so broadly construed so as to include a defamation claim.

The motions by the defendants, JJT&A and Rancho La Costa to quash service are granted.

So ordered.