Scott DISKIN, an Infant, by Patrick Diskin, his parent and natural guardian, and Thomas Diskin, Jr., an Infant, by Thomas Diskin, Sr., his parent and natural guardian, Patrick Diskin and Thomas Diskin, Individually, Plaintiffs,

v.

Herbert STARCK and Joan Starck, d/b/a Camp Navajo, Defendants.

No. 81 C 1613.

United States District Court, E. D. New York.

May 6, 1982.

Patten & Ganun by Francis G. Ganun, New York City, for plaintiffs.

Weiss, Molod, Berkowitz & Godosky, P. C. by Martin L. Weiss, New York City, for defendants.

## MEMORANDUM ORDER

NEAHER, District Judge.

In the summer of 1980 plaintiffs Patrick Diskin and Thomas Diskin, Sr. sent their sons, the infant plaintiffs, to Camp Navajo, a riding camp in Moretown, Vermont, owned and operated by defendants Herbert and Joan Starck. The complaint alleges that camp employees sexually assaulted and abused the infant plaintiffs during their stay, causing them severe physical and emotional harm, and breaching defendants' implied or express agreement with the parents to care for the children. All plaintiffs are domiciliaries and citizens of New York, and defendants are domiciliaries and citizens of Vermont. Pursuant to Rule 12(b), F.R. Civ.P., defendants have moved to dismiss the complaint for want of personal jurisdiction. Alternatively, they seek to change venue to the District of Vermont under 28 U.S.C. § 1404(a). For the reasons that follow, the court holds that personal jurisdiction has not been obtained over the defendants in New York.

■ Because this is a diversity action, personal jurisdiction must be obtained in accordance with the law of the forum state. See *Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir. 1963); F.R. Civ.P., Rule 4(e). The faulty quotation of New York CPLR § 302(a)(3) in plaintiffs' brief has raised doubts as to the precise statutory source of the personal jurisdiction asserted here. Accordingly, we consider three bases on which jurisdiction over the defendants might have been sought on the facts presented. These are CPLR § 302(a)(3), relating to torts committed outside the state, § 302(a)(1), relating to a claim arising from the transaction of business within the state, and § 301, which confers jurisdiction over persons found to be "doing business" within the state.

■ CPLR § 302(a)(3) confers personal jurisdiction over a non-domiciliary who

"commits a tortious act without the state causing injury to persons or property within the state ... if he

(i) regularly does or solicits business or engages in any other persistent course of conduct, or derives any substantial revenues from goods used or consumed or services rendered in the state; or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenues from interstate or international commerce ...."

Although this section requires the occurrence of tortious conduct outside the state, its essential predicate is that the injury giving rise to the plaintiffs' claim occur within the state. See *Kramer v. Hotel Los Montros, S. A.*, 57 A.D.2d 756, 757, 394 N.Y.S.2d 415, 416 (1st Dep't. 1977); *Black v. Oberle Rentals, Inc.*, 55 Misc.2d 398, 400, 285 N.Y.S.2d 226, 228–29 (Sup.Ct. Onondaga Co.1967); see also *Spectacular Productions, Inc. v. Radio Station WING*, 272 F.Supp. 734, 736–37 (E.D.N.Y.1967).

■ In the present case, however, both the alleged tortious conduct and the infants' injuries occurred in Vermont. Plaintiffs cannot sustain jurisdiction under § 302(a)(3) merely by showing that as domiciliaries of this state, they suffered further damage (either economic or physical), on account of the earlier injuries sustained outside the state. See *Kramer v. Hotel Los Montros, supra*, 57 A.D.2d at 757, 394 N.Y.S.2d at 416; *Black v. Oberle Rentals, supra*, 55 Misc.2d at 400, 285 N.Y.S.2d at 228–29. Clearly, therefore, plaintiffs have not established jurisdiction over the defendants under 302(a)(3).

■ The next long-arm provision that possibly applies in this case, CPLR § 302(a)(1), confers jurisdiction over a non-domiciliary who "transacts business within the state or contracts anywhere to provide goods and services in the state." Plaintiffs must show, however, that their cause of action arises from "purposeful activities" of the defendants within the state. *Longines-Wittnauer Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 467, 261 N.Y.S.2d 8, 26, 209 N.E.2d 68, 86 (1967). See *Fontanetta v. American Board of Internal Medicine*, 421 F.2d 355, 357–58 (2d Cir. 1970).

The facts on which plaintiffs rely to meet their burden under this section and § 301, discussed *infra,* are that defendants advertised their camp in an annual supplement to a Catholic newsweekly published in New York, sent brochures that plaintiffs requested after seeing the advertisement, contracted with them over the telephone and through the mail to accept the infant plaintiffs at Camp Navajo, and instructed the parents to bring their children to a location in new Jersey to be met by the camp bus. Even if these contentions of counsel, unsupported by affidavits from the plaintiffs are accepted as true, the aggregate of facts is insufficient to sustain jurisdiction under § 302(a)(1) or § 301.

The courts in New York consistently have held that injuries sustained while participating outside the state in recreational activities advertised and contracted for within the state, bear too remote a relationship to the advertising and contractual activity claimed to be the transaction of business in the state to warrant a conclusion that the injuries arose from the in-state activity. See *Noble v. Singapore Resort Motel of Miami Beach,* 21 N.Y.2d 1006, 1008, 290 N.Y.S.2d 926, 927, 238 N.E.2d 328, 329 (1968) (per curiam); *Meunier v. Stebo, Inc.,* 38 A.D.2d 590, 591, 328 N.Y.S.2d 608, 611 (2d Dep't 1971); see also *Gelfand v. Tanner Motor Tours, Ltd.,* 339 F.2d 317, 321–22 (2d Cir. 1964). Accordingly plaintiffs cannot sustain jurisdiction over the defendants under § 302(a)(1).

■ The final jurisdictional provision on which plaintiffs might rely, § 301, provides that "[a] court may exercise such jurisdiction over persons, property or status as might have been exercised heretofore." Under this provision, as recently construed by the New York Court of Appeals,

> "the authority of the New York courts [to exercise jurisdiction over a foreign corporation] is based solely upon the fact that the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction .... The test, though not precise ..., is a simple

and pragmatic one ... : is the aggregate of the corporation's activities in the state such that it may be said to be present in the state not occasionally or casually, but with a fair measure of permanence and continuity ... and is the quality and nature of the corporation's contacts with the state sufficient to make it reasonable and just according to traditional notions of fair play and substantial justice that it be required to defend the action here ...." *Laufer v. Ostrow,* 55 N.Y.2d 305, 309–310, 449 N.Y.S.2d 456, 458, 434 N.E.2d 692, 694 (1982) (internal citations and quotations omitted).

The lower New York courts have applied this test to individuals as well as corporations, see *e.g., Abkco Industries, Inc. v. Lennon,* 52 A.D.2d 435, 440, 384 N.Y.S.2d 781, 783–84 (1st Dep't 1976), without disapproval from the Court of Appeals, see *Laufer v. Ostrow, supra,* at 309–311, 449 N.Y.S.2d at 458–459, 434 N.E.2d at 694–695.

■ When measured against the above standard, defendants' activities in New York appear too limited to sustain jurisdiction. The sum of their contacts with this state is that once a year they purchased a $100 advertisement for their camp in a newspaper assertedly printed, published and distributed in New York. Aside from that, they have not visited New York to solicit or contract with prospective customers, they have not transported campers directly from the state to Vermont and they have maintained no office, bank account or property in the state. Moreover, there has been no showing that defendants have derived substantial revenue from the activities assertedly conducted in New York.

■ Even if substantial revenues had been generated through defendants' advertising efforts, it has remained New York law that mere solicitation of business in the state by an out-of-state entity does not constitute doing business for jurisdictional purposes. *Miller v. Surf Properties, Inc.,* 4 N.Y.2d 475, 480, 176 N.Y.S.2d 318, 321, 151 N.E.2d 874, 877 (1958). See *Dunn v. Southern Charters, Inc.,* 506 F.Supp. 564, 567

(E.D.N.Y.1981). The recent decision in *Laufer v. Ostrow, supra,* is not to the contrary. There the defendant's business was the solicitation of business, and the corporate defendant was held within New York's jurisdiction on the basis of its substantial revenues (about $2,000,000) combined with numerous additional acts its agents performed within the state in connection with the business. See at 308–309, 449 N.Y.S. 2d at 457–458, 434 N.E.2d at 693–694.

From the foregoing, it is clear that jurisdiction over defendants cannot be sustained under any jurisdictional provision on which reliance might be placed. Accordingly, the action is dismissed for want of jurisdiction. If, however, plaintiffs indicate a desire to have the action transferred to the District of Vermont, a change in venue to which defendants have indicated they will consent, an order to that effect will be entered instead of dismissal.

SO ORDERED.