## MOTOWN RECORD CORPORATION, Plaintiff,

v.

## MARY JANE GIRLS, INC., Defendants.

### No. 86 Civ. 6814 (RWS).

United States District Court, S.D. New York.

April 23, 1987.

See also, 650 F.Supp. 123.

Corbin, Silverman & Sanseverino, New York City (Marc J. Gottridge, of counsel), for plaintiff.

Gross, Shuman, Brizdle & Gilfillan, P.C., Buffalo, N.Y. (Leslie M. Greenbaum, of counsel), for defendants.

## OPINION

SWEET, District Judge.

Defendant Mary Jane Girls, Inc. ("Mary Jane Girls") has moved for an order pursuant to 28 U.S.C. § 1404(a) transferring this case to the United States District Court for the Western District of New York. Plaintiff Motown Record Corporation ("Motown") has opposed the application. For the reasons stated below, the motion to transfer is denied.

A motion to transfer pursuant to § 1404(a) rests in the sound discretion of the court, *Golconda Mining Corp. v. Herlands*, 365 F.2d 856, 857 (2d Cir.1966), and the moving party "bears the substantial

---

burden of establishing that transferring this case is in the interest of justice." *CT Chemical (USA), Inc. v. Horizons International,* 106 F.R.D. 518, 521 (S.D.N.Y. 1985). Mary Jane Girls has argued that because neither it nor the plaintiff maintain offices in the Southern District, because the claims in the lawsuit have no connection with any business transacted in New York, and because there is another similar action pending in the Western District, this action should be transferred.

■ Even when the plaintiff is not a resident of the chosen forum, his choice is still entitled to significant weight. *See General Instrument Corp. v. Mostek Corp.,* 417 F.Supp. 821, 823 (D.Del.1976). As to the assertion that this action is entirely unconnected with any activity in New York, the recordings at issue were "mastered" here in the Southern District, and delivery to Motown was made by sending the mastered recordings directly from the Southern District to Motown. With respect to the related action pending in the Western District, this case was filed in September, 1986, whereas the Western District case was filed in January, 1987, approximately four months later. Granted that a race to the courthouse can reduce the weight afforded the plaintiffs forum selection, *see, e.g., Sweetheart Plastics, Inc. v. Illinois Tool Works,* 267 F.Supp. 938, 941–42 (S.D.N.Y.1967) (two week difference between suits in differing fora), the four month difference under the circumstances of this action is not so much of a "race" to deprive the plaintiff's choice of all weight.

On the subject of inconvenience, Mary Jane Girls has urged a transfer because it would be inconvenient for two material witnesses of theirs—James A. Johnson, Jr. (a/k/a Rick James) and LeRoi Johnson—to travel to New York City to testify. However, Motown has adduced evidence to show that LeRoi Johnson travels to New York City up to twelve times a year on business, and has further represented that Rick James has testified at depositions that he spends several months a year in New York City, a representation that Mary Jane Girls has not disputed. In addition, Motown has identified nine witnesses from Los Angeles who would have to make extra connections and spend extra time travelling to reach Buffalo as opposed to New York City. Several of the nine frequently travel to New York City on business. Under the circumstances, the equities roughly balance in the plaintiff's choice should not be disturbed. *Ayers v. Arabian American Oil Co.,* 571 F.Supp. 707, 709 (S.D.N.Y.1983).

■ In addition, the court may consider the state of the dockets in both the transferor and transferee courts. *See Wibau, Westdeutsche Industrie Und Strassenbaumachinengesellschaft mbH v. American Hoist & Derrick Co.,* 293 F.Supp. 273, 275 (S.D.N.Y.1968); *Sweetheart Plastics,* 267 F.Supp. at 944. The court takes judicial notice of the calendar problems in the Western District and notes that, if need be, the case can be handled here on an expedited basis.

■ Finally, having decided a summary judgment motion, this court is already familiar with the action, another factor weighing in favor of keeping it here. *See Oral-B Laboratories, Inc. v. Mi-Lor Corp.,* 611 F.Supp. 460, 463 (S.D.N.Y.1985) ("[I]t seems unwise to transfer a case after initial substantive decisions have already been made."); *Cf. Sweetheart Plastics,* 267 F.Supp. at 944 (familiarity of transferee judge weighs in favor of transfer).

For the foregoing reasons, Mary Jane Girls' application under 28 U.S.C. § 1404(a) is denied.

IT IS SO ORDERED.