**Colette PELLEGRINO, Plaintiff,**

v.

**The STRATTON CORPORATION, d/b/a Stratton Mountain, Defendant.**

**No. 87–CV–549.**

United States District Court,
N.D. New York.

Feb. 26, 1988.

---

Lombardi Reinhard Walsh & Harrison, Albany, N.Y., for plaintiff; Richard P. Walsh, Jr., of counsel.

Damon & Morey, Buffalo, N.Y., for defendant; James M. Mucklewee, of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

On February 2, 1988, the court heard oral argument on defendant's motion to transfer venue to the Vermont District Court pursuant to 28 U.S.C. § 1404(a); or, in the alternative, to dismiss the complaint based upon lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). The court also heard oral argument on plaintiff's cross-motion to dismiss defendant's affirmative defense of lack of personal jurisdiction. For the reasons set forth herein, defendant's motion to transfer venue is denied; and defendant's alternative motion to dismiss the complaint is also denied, but without prejudice to renew. Plaintiff's motion to dismiss defendant's affirmative defense of lack of personal jurisdiction is denied.

## I. VENUE

### Background

This personal injury action arises out of a skiing accident at Stratton Mountain, Vermont. On March 6, 1987, plaintiff, a New York resident, alleges that while skiing at Stratton Mountain, Vermont she was injured when she struck an obscured object. Plaintiff then commenced the present action against the Stratton Corporation d/b/a Stratton Mountain ("Stratton"). Stratton is a Vermont corporation with its principal place of business in Stratton, Vermont. Zweig Affidavit (12/14/87) at par. 10. With the exception of plaintiff serving a Request for Admissions, no other discovery has been conducted.

### Discussion

█ Defendant has now moved to transfer venue to the Vermont District Court pursuant to 28 U.S.C. § 1404(a), which provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (West 1976). A motion to transfer pursuant to that section is addressed to the sound discretion of the court. *Wyndham Associates v. Bintliff,* 398 F.2d 614, 621 (2d Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968). It is well settled that the burden is on the defendant, when it is the moving party, to establish that there should be a change of venue. *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978) (citations omitted), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). A discretionary transfer under § 1404(a) "will not be granted '[a]bsent a clear cut and convincing showing by defendant[s] that the balance of convenience weighs strongly in favor of the transferee court ...'" *Vassallo v. Niedermeyer,* 495 F.Supp. 757, 759 (S.D.N.Y.1980) (citations omitted).

The factors relevant to the determination of whether this action should be transferred to the Vermont District Court include:

the convenience to parties; the convenience of witnesses; the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; practical problems that make trial of a case easy, expeditious, and inexpensive; and the interest of justice.

*Id.* (citations omitted). Further, in this Circuit, when a party seeks a transfer based on convenience of witnesses pursuant to § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of their testimony. *Factors Etc.,* 579 F.2d at 218. That is so because the convenience of the forum for the witnesses is a very important factor. *Saminsky v. Occidental Petroleum Corporation,* 373 F.Supp. 257, 259 (S.D.N.Y. 1974) ("The most significant factor to be considered is the convenience of party and

non-party witnesses."); *Computer Horizons Corp. v. Knauer*, 483 F.Supp. 1272, 1273 (S.D.N.Y.1980).

In addition to the factors listed above, the relative financial hardship on the litigants and their respective abilities to prosecute or defend an action in a particular forum are legitimate factors to consider. *Vaughn v. American Basketball Ass'n*, 419 F.Supp. 1274, 1277 (S.D.N.Y.1976) (citations omitted). The consideration of comparative calendar conditions is also relevant in deciding whether to transfer a particular case. *McCrystal v. Barnwell Cty., South Carolina*, 422 F.Supp. 219, 225 (S.D.N.Y. 1976). Finally, as plaintiff correctly noted, the plaintiff's choice of forum is an additional consideration. That factor, however, is no longer to be given the near decisive weight previously afforded under the predecessor to 28 U.S.C. § 1404(a), the doctrine of *forum non conveniens*. *Vassallo*, 495 F.Supp. at 75 *citing Norwood v. Kilpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546–47, 99 L.Ed. 789 (1955).

A consideration of the factors set forth above indicates that it is an extremely close call in this case as to whether defendant has met its heavy burden of proof justifying a transfer. Insofar as convenience to the parties and witnesses is concerned, it appears to the court that the parties would be equally inconvenienced by a transfer. Plaintiff and all five of her witnesses, none of whom are under her control, reside in New York. As defendant pointed out, however, in light of plaintiff's admission that she has been traveling to Stratton Mountain for over 20 years, it is difficult to imagine how plaintiff herself would be inconvenienced by a few more trips to Vermont for the purposes of this litigation. At oral argument, plaintiff asserted that she would be inconvenienced by a transfer to Vermont because of upcoming surgery, which she anticipates will prevent her from traveling. Because the Vermont District Court would undoubtedly grant plaintiff a continuance, in the unlikely event her case is called for trial while she is recovering from surgery, the court is not persuaded that plaintiff herself would be inconvenienced by such transfer. Plaintiff's witnesses would, however, be somewhat inconvenienced by a transfer.

Defendant also plans on calling five witnesses, two of whom are its employees. Defendant's proposed witnesses are from Vermont, Connecticut and Massachusetts. Neither party provided any proof indicating that any of their proposed witnesses would be unwilling to testify in one forum or the other. Neither did they indicate the cost of obtaining testimony from those unwilling witnesses, if any. Therefore, the convenience factor does not tip decidedly in favor of either party.

One factor which does weigh in favor of a transfer is the difference in court calendars. Based upon conversations with the Vermont deputy court clerk, defendant has indicated that this case could be tried there in October of this year. Zweig Affidavit at pars. 14–16. The same is not true in the Northern District of New York. Nevertheless, if the balance of inconvenience is equipoise, as it is here, plaintiff's choice of forum should not be disturbed. *Motown Record Corp. v. Mary Jane Girls, Inc.*, 660 F.Supp. 174, 175 (S.D.N.Y.1987) (citation omitted). Thus, because the court finds that the balance of inconvenience does not weigh strongly in favor of the transferee court, defendant's motion to transfer to the Vermont District Court is denied.

## II. PERSONAL JURISDICTION

### Background

According to defendant's president, Stratton is a Vermont corporation with its principal place of business in Stratton Mountain, Vermont. Granquist Affidavit (9/21/87) at par. 2. Defendant's president further avers that Stratton "is not now and never has been licensed and authorized to do business in the State of New York...." *Id.* at par. 3. Stratton does not have any bank accounts in New York; nor does it have a New York mailing address. *Id.* Stratton also claims that it does not "now have or has it ever had any officer or agency in the State of New York." *Id.* Based upon the foregoing, defendant has moved, in the alternative, to dismiss the

complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

Plaintiff has cross-moved to dismiss the defendant's affirmative defense of lack of personal jurisdiction. In the alternative, plaintiff is requesting that defendant's motion be denied to give plaintiff an opportunity to conduct discovery on the jurisdiction issue. In support of her motion, plaintiff relies upon the following assertions, some of which are substantiated and others which are not. First, plaintiff points out that in connection with its sale of debentures, defendant filed an "Issue Statement" with the New York State Department of Law, Walsh Affidavit (11/6/87), Exhibit A; and defendant does not contest that allegation. Crawford Affidavit (11/25/87) at par. 5.

Next, relying upon defendant's subordinated debentures offering circular, plaintiff asserts that a "great number" of the cluster homes, residential lots and condominium units, which defendant allegedly develops and sells, are sold to New York residents. *Id.* at par. 3. There is nothing in the offering circular, however, to verify that claim and plaintiff did not provide any additional proof in support of that assertion. In response to plaintiff's assertion regarding condominium sales, Robert Crawford, Stratton's Chief Financial Officer, states:

> Although it is true that New York State residents have purchased condominiums in Vermont which were developed by The Stratton Corporation, to the best of your deponent's knowledge, The Stratton Corporation has always used a broker in the State of Vermont to sell the condominiums developed in the State of Vermont by The Stratton Corporation, and the initial sales of those condominiums by The Stratton Corporation have been consummated only in the State of Vermont.

Crawford Affidavit (11/25/87) at par. 11.

Plaintiff makes several other assertions based "upon information and belief." For example, plaintiff alleges that defendant "has sold on a regular, annual basis," tickets for the use of its facilities at retail stores in the Albany area. Walsh Affidavit

at par. 5. To bolster that allegation, plaintiff, in her affidavit, states that "for several years" she has been aware that defendant sold lift tickets at stores in the Albany area, and that on occasion she has purchased such lift tickets. Pellegrino Affidavit (11/6/87) at par. 4.

Plaintiff further asserts, "upon information and belief the retail stores are continuously provided with said tickets through personal delivery by employees of defendant throughout the skiing season." Walsh Affidavit at par. 5. According to plaintiff, those tickets are sold through a "licensing agreement" whereby the stores are paid a commission for the tickets sold. *Id.* Although plaintiff did not provide a copy of the actual licensing agreement, or an affidavit by someone having personal knowledge of the contents thereof, defendant did provide a copy of a "Lift Ticket Sales Agreement." *See,* Crawford Affidavit, Exhibit B. Significantly, that agreement expressly states, "[t]he Ski Shop will have no authority to assume or create any obligation on behalf of Stratton." *Id.* Another provision in that agreement is of equal import. Specifically, those agreements further provide that the retail stores are independent contractors and "Stratton has no control whatsoever over the Ski Shop's agent, employees or subordinates." *Id.*

Furthermore, plaintiff asserts that, "upon information and belief," defendant has regularly advertised in New York; and that defendant contacts the media in New York during ski season to keep New York residents informed of the ski conditions at Stratton. Walsh Affidavit at pars. 7 and 9. In plaintiff's affidavit, she states that she has seen and heard advertising in Albany for Stratton Mountain, and that on the day of the accident she heard a radio advertisement regarding the ski conditions there. Pellegrino Affidavit at pars. 3 and 5.

Plaintiff also contends that upon information and belief defendant acquires a substantial amount of its income from New York residents. Walsh Affidavit at par. 8. Plaintiff offers absolutely no support for that contention, however. In addition, plaintiff contends that defendant has pur-

chased "over the course of a number of years, substantial amounts of snow making equipment and snow maintenance equipment in the State of New York." *Id.* at par. 10. It is plaintiff's contention that her injuries were caused by such snow making equipment installed upon defendant's ski facility. *Id.* Once again, however, plaintiff does not support that assertion regarding the purchase of snow equipment in New York with any independent proof.

Finally, based upon the affidavit of the president of Travel Smith, an Albany travel agency, plaintiff states that Stratton Mountain Inn and Stratton Mountain Villas, which plaintiff "believes" are owned by defendant, are listed in the "Hotel and Travel Index." Smith Affidavit (11/6/87) at par. 4. That Index indicates that a travel agency which places a reservation at either of those facilities will receive a 10% commission. *Id.* at par. 4. Apparently, the Index also contains a display advertisement by defendant "promoting the availability of commissions for any reservations placed." *Id.* at par. 5.

Mr. Crawford, Strattons's Chief Financial Officer, explained that, first of all, Stratton Corporation does *not* own either the Stratton Mountain Inn or the Stratton Mountain Villas. Crawford Affidavit at par. 7 (emphasis added). Mr. Crawford further explained that although Stratton does pay a 10% commission to travel agents who place reservations through Stratton, "none of those travel agents have the authority to offer confirmed, binding reservations." *Id.* at par. 8. To confirm a reservation, Stratton must be contacted directly. *Id.*

## Discussion

It is well settled in this Circuit that plaintiff has the burden of proving the court's jurisdiction by a preponderance of the evidence. *Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 762 (2d Cir.1983) (citations omitted). District courts have "considerable procedural leeway," however, in deciding a pretrial motion to dismiss for lack of personal jurisdiction. *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981). The motion may be decided solely based upon the affidavits; or additional discovery may be had on the jurisdiction issues; or the court may hold an evidentiary hearing on the matter. *Id.* (citations omitted). To survive a motion to dismiss for lack of personal jurisdiction, however, until a pretrial evidentiary hearing is held or until the trial, the plaintiff need only make a *prima facie* showing that jurisdiction exists. *Hoffritz For Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985) (citation omitted); *Marine Midland,* 664 F.2d at 904. In *Hoffritz,* the Court explained:

> In the absence of an evidentiary hearing on the jurisdictional allegations, or a trial on the merits, all pleadings and affidavits are construed in the light most favorable to plaintiff, and where doubts exist, they are resolved in the plaintiff's favor.

*Id.* (citations omitted). In addition, at least one court has recognized that:

> [I]f a plaintiff's proof [of jurisdictional facts] is limited to written materials, it is necessary only for these materials to *demonstrate facts* which support a finding of jurisdiction in order to avoid a motion to dismiss.

*Birmingham Fire Ins. Co. v. KOA Fire & Marine Ins.,* 572 F.Supp. 962, 964 (S.D.N.Y.1983) (citation omitted) (emphasis in original).

It is equally well recognized that in a diversity action, such as this one, personal jurisdiction over the defendant is determined by the law of the state in which the federal court sits. *United States v. First National City Bank,* 379 U.S. 378, 381–82, 85 S.Ct. 528, 530–31, 13 L.Ed.2d 365 (1965); *Arrowsmith v. United Press International,* 320 F.2d 219, 223 (2d Cir.1963) (en banc). In New York, the relevant jurisdictional statutes are § 301 and § 302(a) of the New York Civil Practice Law.

### A. N.Y.Civ.Prac.Law § 301: "Doing Business"

In New York, a non-domiciliary is subjected to personal jurisdiction under § 301 with respect to *any* cause of action, if the non-domiciliary is "engaged in such a con-

tinuous and systematic course of 'doing business' here as to warrant a finding of 'presence' in this jurisdiction." *Beacon Enterprises,* 715 F.2d at 762 (citations omitted). The test of whether a non-domiciliary is present within the jurisdiction is a 'simple pragmatic' one. *Laufer v. Ostrow,* 55 N.Y.2d 305, 308, 449 N.Y.S.2d 456, 458, 434 N.E.2d 692, 693–94 (1982) (citation omitted). Occasional or casual business in New York will not suffice to subject the non-domiciliary to personal jurisdiction in a New York court. *Beacon Enterprises,* 715 F.2d at 762 (citations omitted). Rather, the non-domiciliary must be doing business in New York "with a fair measure of permanence and continuity." *Id.* The quality and nature of the non-domiciliary's contacts with the state must be sufficient to make it reasonable and just according to "'traditional notions of fair play and substantial justice'" that it be required to defend the action within that state. *Laufer,* 55 N.Y. 2d at 308, 449 N.Y.S.2d at 458, 434 N.E.2d at 693–94, *quoting International Shoe Co. v. Washington,* 326 U.S. 310, 316, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945).

In applying the pragmatic test of § 301, New York courts have concentrated upon several factors, including: the existence of an office in New York; the presence of bank accounts and other property in this state; the solicitation of business in this state; and the presence of employees of the foreign defendant in the state. *Berk v. Nemetz,* 646 F.Supp. 1080, 1083 (S.D.N.Y. 1986) (citations omitted). In the present case, defendant does not exhibit the classic indicia of doing business in New York. Although defendant arguably solicits business in New York, it is not licensed or authorized to do business in this state. Nor does defendant maintain an office or have bank accounts within this State; and apparently defendant does not own any property within this State. Lastly, the defendant does not have employees in New York State.

■ Because plaintiff is unable to rely upon those traditional indicia of § 301 jurisdiction, plaintiff argues that defendant is doing business within New York because it

has allegedly solicited business within this State. Plaintiff acknowledges that the long established rule in New York is that, solicitation alone, regardless of how substantial, will not subject a foreign corporation to the jurisdiction of New York courts. *See Laufer,* 55 N.Y.2d at 312, 449 N.Y.S.2d at 459, 434 N.E.2d at 694–95; *Miller v. Surf Properties,* 4 N.Y.2d 475, 480, 176· N.Y.S.2d 318, 321, 151 N.E.2d 874 (1958); *Beacon Enterprises,* 715 F.2d at 763. Plaintiff urges, however, that defendant has engaged in conduct within New York State which amounts to "solicitation plus." *See Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.,* 657 F.Supp. 1040, 1045 (S.D.N.Y.1987). Judge Friendly explained the "solicitation plus" doctrine as follows:

> [T]he cases ... which find personal jurisdiction under the "solicitation-plus" rubric have involved either some financial· or commercial dealings in New York, or the defendant's holding himself out as operating in New York, either personally or through an agent. In addition, where the activities in addition to solicitation have been particularly skimpy, *the courts upholding personal jurisdiction have considered it worthy of comment that the defendant was represented in New York by its own employees rather than by an independent contractor.*

*Acquascutum of London, Inc. v. S.S. American Champion,* 426 F.2d 205, 212 (2d Cir.1970) (citations omitted) (emphasis added). Basically, New York courts have required "substantial solicitation" that is done with a 'considerable measure of continuity and from a permanent locale' within the state. *Beacon Enterprise,* 715 F.2d at 763 (citation omitted).

Plaintiff contends that by selling lift tickets to its facilities at stores in the Albany area, defendant is engaged in "solicitation plus." There is absolutely nothing before the court, however, establishing how long or the frequency with which defendant has been entering into agreements to sell lift tickets with New York stores. Nor is there any indication as to whether defendant is, in fact, still engaged in such activity. Therefore, it is not possible for this court to infer, on the record now before it,

whether defendant has engaged in "substantial solicitation" within this State. The court notes in passing, however, that it may very well be that even with additional discovery, plaintiff will be unable to demonstrate the required "solicitation plus". The difficulty arises, in part, from the fact that defendant apparently has no permanent locale in this State from which it solicits business, combined with the fact that the New York stores are independent contractors, and not defendant's employees or agents.

■ Plaintiff also alleges that over the years defendant has purchased "substantial amounts of snow making equipment and snow maintenance equipment" in New York, and that conduct is sufficient to subject defendant to personal jurisdiction in this court. That claim is not enough, however, to subject defendant to the jurisdiction of the court. In *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the Supreme Court held that, standing alone, purchases and related trips by the foreign corporation from the forum state are an insufficient basis for a State's assertion of personal jurisdiction.

New York law is in accord with that Supreme court decision. New York courts have held that even when a foreign corporation purchases a major share of its merchandise within New York, to be sold at its place of business outside the State, that is not enough to warrant a finding that the defendant is "present" in New York for jurisdictional purposes. *Rolls-Royce Motors, Inc.*, 657 F.Supp. at 1046 (citations omitted). That is true even if those purchases are made on a systematic basis and made upon visits occurring at regular intervals. *Id.* Thus, even assuming the validity of plaintiff's assertion regarding purchases by defendant within New York State, such purchases, without more, are insufficient to invoke personal jurisdiction over this foreign corporate defendant.

■ Plaintiff tries to bring defendant within the purview of § 301 by suggesting that because it advertises in the Hotel and Travel Index, and pays a commission to travel agents in this state for reservations made at The Stratton Mountain Inn and the Stratton Mountain Villas, defendant is "doing business" in New York. In *Voss v. American Fed. of Musicians, Etc.*, 507 F.Supp. 144 (S.D.N.Y.1980), however, the court held that even though one of the defendants hired an agent to advertise its hotel and take reservations in New York, those activities, standing alone, did not constitute "doing business" for § 301 purposes. *Id.* at 145.

It should be noted that in the context of reservation service cases, federal courts applying New York law have focused on the question of whether the corporation providing the in-state services had the authority to make final, binding reservations in the foreign defendant's name. *See Jayne v. Royal Jordanian Airlines Corp.*, 502 F.Supp. 848, 857 (S.D.N.Y.1980) and cases discussed therein. If the New York representative lacked the authority to make binding reservations in New York, that was fatal to plaintiff's attempt to acquire personal jurisdiction over the foreign defendant. *See, e.g., Kopolowitz v. Deepdene Hotel & Tennis Club*, 464 F.Supp. 677 (S.D.N.Y.1979). Therefore, in the present case, because the New York State travel agents do not have the authority to make final, binding reservations on defendant's behalf, plaintiff cannot establish personal jurisdiction under § 301 based upon the reservation factor.

■ Plaintiff also suggests that by advertising in New York and providing information to the New York media regarding ski conditions at its facilities, defendant is "doing business" in New York. Plaintiff states that defendant advertises in the New York Times and the Wall Street Journal. Walsh Affidavit at par. 7. As the court in *Rolls-Royce*, recognized, however, those publications are distributed nationally and are directed at a national audience. *Id.* at 1047. Therefore, in the absence of more detailed evidence such as the source of defendant's advertising campaign; the amount expended by defendant advertising within this state; and the nature of those advertisements, such allegations of adver-

tising do not amount to substantial solicitation for purposes of § 301 jurisdiction. That is especially so in light of the court's holding in *Baird v. Day & Zimmerman, Inc.*, 390 F.Supp. 883 (S.D.N.Y.1974). The *Baird* court held that advertising in the New York telephone directory detailing the products sold by the foreign corporation defendant was mere solicitation, and did not support plaintiff's claim that defendant was doing business in New York pursuant to § 301.

■ Construing the pleadings and affidavits in the light *most* favorable to plaintiff, the court concludes that plaintiff has come forth with enough to make a *prima facie* showing that personal jurisdiction exists over this defendant foreign corporation pursuant to N.Y.Civ.Prac. Law § 301. Thus, plaintiff is able to avoid defendant's motion to dismiss on that basis at this juncture.

### B. N.Y.Civ.Prac. Law § 302(a)(1): "Transacting Business"

■ In the alternative, plaintiff is relying upon § 302(a)(1) of the N.Y.Civ.Prac. Law to establish that it would be proper for this court to exercise personal jurisdiction over defendant. Section 302(a)(1) provides:

Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; ....

N.Y.Civ.Prac. Law § 302(a)(1) (McKinney Supp.1987). Thus, by the express terms of § 302(a)(1), for personal jurisdiction to lie in a New York court, the non-domiciliary must have transacted business within New York State *and* the cause of action must arise out of such transaction. *Rolls–Royce*, 657 F.Supp. at 1050 (citation omitted). *See also, Gelfand v. Tanner Motor Tours, Ltd.*, 339 F.2d 317, 321–22 (2d Cir. 1964) (No jurisdiction under § 302 where plaintiffs were injured when riding on a bus in the southwest, even though they purchased their bus tickets in New York.) The New York Court of Appeals has stated that to establish jurisdiction under § 302(a)(1), there must be some "articulable nexus between the business transacted and the cause of action sued upon." *McGowan v. Smith*, 52 N.Y.2d 268, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321, 323 (1981). In other words, the transaction of business by the foreign defendant in New York must "bear a substantial relationship to the transaction out of which the instant cause of action arose." *Id.*

Here, plaintiff contends that there is a substantial relationship between defendant's conduct in this State and plaintiff's cause of action. Plaintiff argues that she was injured when skiing at defendant's facility, the specific activity which is promoted by defendant through the sale of lift tickets in this State, and through the sale of debentures in New York, which entitle the purchaser to a season ski pass. On the other hand, defendant contends that because plaintiff was injured while skiing in Vermont, it is "undisputed" that plaintiff's cause of action did not arise out of any transaction performed by defendant in New York State. Defendant's Memorandum of Law at p. 8.

Plaintiff's position is contrary to the weight of authority in this State. In *Diskin v. Starck*, 538 F.Supp. 877 (E.D.N.Y. 1982), the court refused to exercise personal jurisdiction over Vermont defendants based upon any of the provisions of the New York long-arm statutes. The defendants in *Diskin* owned and operated a children's camp in Vermont, and plaintiff was allegedly sexually abused and assaulted while staying at that camp. Relying upon a long line of New York cases, the *Diskin* court explained that the requisite "substantial relationship" cannot be established where the plaintiff is injured while participating in recreational activities outside the state. *Id.* at 880. The *Diskin* court reasoned that the participation in recreational activities outside the state, but advertised and contracted for within the state, bears

"too remote a relationship to the advertising and contractual activity claimed to be the transaction of business in the state to warrant a conclusion that the injuries arose from the in-state activity." *Id.* (citations omitted).

In the present case, plaintiff clearly cannot show the necessary substantial relationship between her injury and defendant's limited business activity in New York State. Plaintiff's complaint alleges a cause of action sounding in tort; it does not allege a cause of action for breach of contract. Therefore, defendant's liability, if any, does not arise out of the sale of ski lift tickets in this State. As in *Diskin*, the relationship between defendant's advertising and contractual activity in New York is simply too remote to confer jurisdiction over defendant under § 302(a)(1). Accordingly, even though the requisite showing for a finding that a defendant is transacting business in New York under § 302(a)(1) is considerably less than the showing needed to establish that a defendant is doing business under § 301, *Hoffritz*, 763 F.2d at 58, the court finds that plaintiff has not met that lesser burden.

In conclusion, the court denies defendant's motion to transfer venue to the Vermont District court. The court further denies defendant's alternative motion to dismiss the complaint based upon lack of personal jurisdiction, and plaintiff's motion to dismiss defendant's affirmative defense of lack of personal jurisdiction. The defendant's motion to dismiss for lack of personal jurisdiction is denied, without prejudice, to afford the plaintiff an opportunity to conduct discovery related thereto. The defendant is granted leave to renew its motion to dismiss for lack of personal jurisdiction upon completion of said discovery or 60 days from the date hereof whichever occurs first.

IT IS SO ORDERED.