Sanford ·GILBERT, Plaintiff,

v.

Andrew G. WILSON, II and Roberta L. Wilson, Defendants.

92–CV–0454.

United States District Court, N.D. New York.

May 25, 1993.

Gilbert & Derman, Hillsdale, NY, Sheila Derman, of counsel, for plaintiff.

Peter J. Scagnelli, Troy, NY, for defendants.

## MEMORANDUM—DECISION AND ORDER

SCULLIN, District Judge:

### INTRODUCTION

Sanford Gilbert ("Plaintiff"), a Florida resident, brought this action in the Northern District of New York against Andrew and Roberta Wilson ("Defendants"), Virginia residents, for damages incurred as a result of Defendants' alleged breach of contract. Jurisdiction is proper in federal court pursuant to 28 U.S.C. § 1332. This matter is presently before the court on Defendants' motion to dismiss Plaintiff's claim for lack of personal jurisdiction pursuant to Fed.R.Civ.P. ("FRCP") 12(b)(2)[1] and/or improper venue pursuant to FRCP 12(b)(3). In the alternative, Defendants move to transfer venue to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1406 or § 1404.

The court heard oral argument in Albany, New York on December 4, 1992 and reserved decision on this matter, advising the parties that this written opinion would follow.

### BACKGROUND

On August 7, 1985, Plaintiff and Defendants entered into an agreement whereby Plaintiff sold to Defendants certain stock in the GEG corporation, a Delaware corporation with corporate headquarters in Hillsdale, New York, for which the purchase price was to be paid over a ten-year period. *See* Complaint ¶¶ 2–5 and exh. 1 attached thereto. GEG is the parent corporation of Catamount Development Corporation ("CDC"), a New York corporation also licensed to transact business in Massachusetts. Plaintiff alleges that the only significant asset of CDC is Catamount Ski Area, located on the border of New York and Massachusetts such that one-half of the ski area falls in each state. Gilbert Aff. ¶ 5. Plaintiff further alleges that the subject agreement was "executed by the plaintiff and defendants at the office of GEG

---

1. Although Defendants cite to 12(b)(1) (lack of subject matter jurisdiction) in their notice of motion as the basis for their motion, the court infers that Defendants meant to cite to 12(b)(2), since all of Defendants' arguments pertain to personal, rather than subject matter jurisdiction.

corporation, in the Town of Hillsdale, State of New York." *Id.* ¶ 8.

Defendants allege that the subject agreement "was executed · by all parties at the offices of Catamount Ski Area, located in South Egremont, Commonwealth of Massachusetts." A. Wilson Aff., Doc. 8, ¶ 12; R. Wilson Aff. ¶¶ 9–10.

On March 29, 1986, Defendants assigned their rights in the agreement to William Gilbert (brother of Plaintiff and a then-resident of New York) and Donald Edwards, principals in GEG Corporation. *See* Complaint ¶ 9 and exh. 3 attached thereto. Plaintiff alleges that he "was not a party to the subsequent assignment, nor did [he] authorize or approve of the assignment of the defendants' obligations as set forth in the agreement dated August 7, 1985." Complaint ¶ 13. Plaintiff further asserts that Defendants have failed to make payments due under the agreement although Plaintiff has made demands for same, *id.* at ¶ 11, and that he "has fully performed all of his obligations pursuant to the agreement." *Id.* at 15.

Defendants assert that the Northern District of New York has not obtained personal jurisdiction over them, as Defendants deny having any significant contacts with this district or even with New York State. Furthermore, Defendants claim that they have never worked in or derived income from the State of New York. *See* A. Wilson Aff. at ¶ 4; R. Wilson Aff. at ¶ 4.

Plaintiff responds that this court has obtained personal jurisdiction over Defendants pursuant to N.Y.Civ.Prac.L. & R. ("CPLR") § 302, as the subject agreement was signed in the Northern District of New York, and that venue is therefore proper in this district. *See* Gilbert Aff. at ¶ 8. Plaintiff further argues that this action should not be transferred as Defendants have failed to prove that Massachusetts is a more convenient forum.

## DISCUSSION

### 1. Personal Jurisdiction

■ When personal jurisdiction is challenged, "the plaintiff has the ultimate burden of establishing jurisdiction over defendant by a preponderance of the evidence[.]" *Cutco Industries v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986) (citation omitted); *Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 762 (2d Cir.1983) (references omitted). A district court, however, has considerable discretion in deciding a pretrial motion to dismiss for lack of personal jurisdiction. *See Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981). The *Marine Midland* court noted that the district court

> may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion. If the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials.

*Id.* at 904 (citations omitted). Furthermore, "until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion." *Id.* (citations omitted). The Second Circuit has also noted that

> [i]n the absence of an evidentiary hearing on the jurisdictional allegations, or a trial on the merits, all pleadings and affidavits are construed in the light most favorable to plaintiff, and where doubts exist, they are resolved in the plaintiff's favor.

*Hoffritz For Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985) (citations omitted).

■ It is well established that in a diversity action personal jurisdiction over a defendant is determined by the law of the state in which the federal court sits. *Id.* (citations omitted). The court must therefore apply New York law in determining whether the court has obtained personal jurisdiction over Defendants. Accordingly, CPLR § 302(a) states in pertinent part that

> a court may exercise personal jurisdiction over any non-domiciliary, ... who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; ....

(McKinney 1990).

"New York courts have held that 'where a contract is made in this state and a cause of

action arises out of such contract, the consummation of the contract in New York constitutes the transaction of business or minimum contacts necessary to invoke personal jurisdiction.'" *New Generation Foods v. Spicer's Intern. Com. Tr.,* 669 F.Supp. 599, 600 (S.D.N.Y.1987) (citations omitted). Moreover, even negotiations for a contract have been held to be sufficient. *Bastille Properties, Inc. v. Hometels of Am., Inc.,* 476 F.Supp. 175 (S.D.N.Y.1979) (court obtained personal jurisdiction pursuant to CPLR § 302(a)(1) over nonresident defendant who traveled to New York and conducted negotiations for contract).

■ In the instant case, as Plaintiff alleges by way of affidavit that the contract out of which his cause of action arises was signed in New York State, notwithstanding Defendants' allegations to the contrary, the court finds that Plaintiff has made a sufficient showing to defeat Defendants' motion to dismiss. Since the court must resolve doubts in Plaintiff's favor, Plaintiff's allegations that the subject agreement was negotiated and signed in this district constitutes a prima facie showing of personal jurisdiction under New York law, notwithstanding Defendants' controverting allegation that the contract was signed in Massachusetts. *See Marine Midland,* 664 F.2d at 904 (citations omitted). Thus, Defendants' motion to dismiss pursuant to FRCP 12(b)(2) is denied.

## 2. Venue

Title 28 U.S.C. § 1391(a)(3), a general venue statute, provides that a civil action may be brought in "a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced." Since the court has determined that the Northern District of New York has obtained personal jurisdiction over the defendants, venue is proper here. *See Bastille Properties,* 476 F.Supp. at 182. As the court has determined that it has obtained personal jurisdiction over Defendants, the court summarily denies Defendants' motion to dismiss for improper venue pursuant to FRCP 12(b)(3).

## 3. Transfer

Although venue is proper in this district, the court must still determine whether transfer of venue pursuant to 28 U.S.C. § 1406 or § 1404(a) is warranted. Title 28 U.S.C. § 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

As the court has determined that venue is properly laid in this district, Defendants' § 1406 motion to transfer is moot.

However, this determination does not resolve the question of whether this case should be transferred to the U.S. District Court for the District of Massachusetts, as indicated by the language of 28 U.S.C. § 1404(a), which provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ A motion to transfer pursuant to 28 U.S.C. § 1404 is committed to the sound discretion of the court. *Pellegrino v. Stratton Corp.,* 679 F.Supp. 1164, 1166 (N.D.N.Y. 1988) (citations omitted). In exercising its broad latitude of discretion, the court must first decide whether the transferee forum is one where the action "could have been brought;" i.e., if venue was proper in that forum at the time that the suit was initiated. *Aquatic Amusements Associates v. Walt Disney World Co.,* 734 F.Supp. 54, 56 (N.D.N.Y.1990) (citation omitted). Even assuming, *arguendo,* that venue is proper in the District of Massachusetts, the court concludes that this action should not be transferred to that forum, as Defendants have not met their burden of proving that transfer is warranted in this case.

■ It is well established in this circuit that on a motion to transfer venue, the movant bears the burden of establishing that a change of venue is warranted. *See, e.g., Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218–219 (2d Cir.1978), *cert. denied,* 440

U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *see also Aquatic Amusement Associates* 734 F.Supp. at 56; *Pellegrino* 679 F.Supp. at 1166. The *Pellegrino* court also noted that

> [a] discretionary transfer under [section] 1404(a) "will not be granted '[a]bsent a clear cut and convincing showing by defendant[s] that the balance of convenience weighs strongly in favor of the transferee court ...'"

*Id.* (citations omitted). Thus, the burden rests heavily on the moving party to establish in its pleadings and affidavits the conditions necessary to justify transfer.

■ In determining whether this action should be transferred to the District of Massachusetts, among the factors the court should consider are the following:

> the convenience to parties; the convenience of witnesses; the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; practical problems that make trial of a case easy, expeditious, and inexpensive; and the interest of justice.

*Pellegrino,* 679 F.Supp. at 1166 (citations omitted).

■ Defendants' submissions are conspicuously void of any support that would indicate that the above factors weigh in favor of Massachusetts as the forum in which this action should be heard. An analysis of the relevant factors indicates that the Defendants have not met their burden of proof necessary to justify transfer. The court will analyze these factors *seriatim.*

### Convenience of the Parties

None of the parties to this action is a citizen of the proposed transferee forum, the District of Massachusetts. Although both Defendants were residents of Massachusetts at the time the contract in question was signed, they now reside in Virginia and have not alleged any basis for the superior convenience of the District of Massachusetts. Thus, this factor does not favor transfer.

### Convenience of the Witnesses

This court has held that, between party and non-party witnesses, convenience of the latter is the more important factor. *Aquatic Amusement Associates,* 734 F.Supp. at 57 (N.D.N.Y.1990) (citations omitted). This court has also noted that

> in this Circuit, when a party seeks a transfer based on convenience of witnesses pursuant to § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of their testimony.

*Pellegrino,* 679 F.Supp. at 1166 (citation omitted). Defendants have failed to provide any such statements among their submissions. Furthermore, as the court lacks this information, it cannot assess other factors, such as the availability of process to compel attendance of unwilling witnesses and the cost of obtaining willing witnesses. Thus, these factors do not favor transfer to Massachusetts.

### Ease of Access to Sources of Proof

Defendants have failed to provide any support that would warrant a finding that the District of Massachusetts affords any greater ease of access to sources of proof than would the Northern District of New York. Thus, this factor does not favor transfer.

### Practical Problems—Efficiency and Cost of Trial

According to the Administrative Office of the United States Courts, as of June 30, 1992, the average time for disposition of a case in the Northern District of New York is twenty months, as compared with twenty-two months in the District of Massachusetts. Thus, this factor weighs against transfer. It is clear that transfer is not warranted here, as none of the relevant factors weighs in favor of transfer.

### CONCLUSION

Defendants' 12(b)(2) and 12(b)(3) motions are DENIED, without prejudice. Defendants' motion to transfer pursuant to 28 U.S.C. §§ 1404 or 1406 is DENIED. Defendants are directed to answer the complaint

within twenty days of the receipt of this order.

IT IS SO ORDERED.