Yorkston W. Grist, P.C., by David L. Mazaroli, New York City, for plaintiff.

Michael D. Martocci, by Howard W. Burns, Jr., New York City, for defendants.

**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**S/S "RO RO GENOVA", etc., Costa Line, Costa Line Services, Inc., Costa Armatori, S.P.A., Societa Dunkerquoise D'Armement, Defendants.**

**No. 86 Civ. 8516 (SWK).**

United States District Court, S.D. New York.

June 17, 1987.

**MEMORANDUM OPINION AND ORDER**

KRAM, District Judge.

This case is a marine cargo damage action in which plaintiff seeks to recover damages for the alleged non-delivery, shortage, loss and damage to a shipment of denim piece goods shipped from Portsmouth, Virginia, to Valletta, Malta, aboard the vessel S/S Ro Ro Genova. Defendants move this court to transfer this action to the U.S. District Court for the Eastern District of Virginia, Norfolk Division, on grounds of *forum non conveniens*.

**FACTS**

Plaintiff Insurance Company of North America ("INA") is a Pennsylvania corporation with an office and place of business located at New York, New York. The shipper of the cargo, Burlington Industries,

Inc. of Burlington, North Carolina, submitted a damage and loss claim to its insurer, INA, in the amount of $61,726.05. INA, in return, paid Burlington's claim and became subrogated to Burlington's rights.

Defendant Costa Armatori, S.P.A. ("Costa") is an Italian steamship corporation with its principal place of business at Genova, Italy. Costa does not maintain a place of business in the United States.

Defendant Costa Line Services, Inc. ("CLCS") is a New York corporation with an office in Manhattan. As Costa's general manager, CLCS normally books cargo and executes bills of lading on Costa's behalf. (Costa and CLCS are collectively referred to as the Costa defendants.) In this case, however, Costa time-chartered the vessel Ro Ro Genova at Portsmouth, Virginia, where the bill of lading was executed by "Ramsey, Scarlett & Co., Inc. as Costa's port agent."

Defendant Societa Dunkerquoise d'Armement is a foreign corporation with its principal place of business in Paris, France. Although Societa Dunkerquoise d'Armement has been served with a summons, it has not filed an answer. The plaintiff has not informed the Court on its plan as to this defendant.[1]

This case involves cargo shipped from Burlington, North Carolina to Valletta, Malta via Portsmouth, Virginia. At Portsmouth, the carrier Costa first took responsibility for the cargo. The bill of lading, executed in Portsmouth, by Costa's port agent Ramsey, Scarlett & Co., Inc., ("Ramsey"), indicates that this was a "house to house" container shipment and that the shipper (*i.e.* Burlington) loaded, stowed and counted the cargo stored in the container. Burlington also sealed the container with a seal prior to delivering the container to a local trucker for transit to the pier at Portsmouth, where the container was loaded on Ro Ro Genova. The container also passed through the terminal at the pier and was handled by the stevedores at Portsmouth prior to being loaded aboard the vessel. Plaintiff also claims that the seals on the container were changed by unknown persons prior to delivery of the container at Valletta.

Plaintiff, as the insurer of the shipper, seeks to recover damages of $100,000 for the alleged loss. Pursuant to 28 U.S.C.A. § 1404(a), defendants move to transfer this case to the United States District Court for the Eastern District of Virginia, Norfolk Division. Defendants argue that (1) the action might have been brought in the proposed transferee district, and (2) the interests of justice and the convenience of the parties and witnesses require a transfer. Opposing the motion to transfer, plaintiff asserts that (1) defendants have not sustained the requisite burden of proving that transfer is warranted, (2) in a recent decision involving analogous circumstances, Judge Weinfeld denied a motion to transfer to the Eastern District of Virginia, and (3) the Costa defendants' litigation of similar claims in this forum undercuts their contentions of inconvenience.

## DISCUSSION

The principle of *forum non conveniens* provides that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by a general venue statute. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). A district court is empowered to transfer the place of trial under 28 U.S.C.A. § 1404(a). Section 1404(a) proposes a two-part test. First, the transferee district must be one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent. *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960). Second, the transfer must be in the interest of justice and convenience the parties and witnesses. *Id.*

Although the principle of *forum non conveniens* provides no express criteria to

---

1. While this case was under consideration, plaintiff moved to amend the complaint *nunc pro tunc* to add the M/V "Genova" and her owners as additional defendants. By letter dated May 29, 1987, the Costa defendants consent-ed to the amendment. Accordingly, the Court grants plaintiff's motion to amend the complaint. It is clear, however, that the amendment has no bearing on the merits of the motion presently under consideration.

guide a district court in exercising its power to change the place of trial, 330 U.S. at 507, 67 S.Ct. at 842, district courts have considered a combination of factors including the private interests of the litigants and the interest of the public. Private interest considerations include: the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. *Id.* at 508, 67 S.Ct. at 843. Factors of public interest include: administrative difficulties for courts when litigation is piled up in congested centers instead of being handled at its origin; the burden of imposing jury duty on the people of a community which has no relation to the litigation; local interests in having localized controversies decided at home; and the interest in trying a case in a forum that is at home with the state law that must govern the case rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself. *Id.* at 508–9, 67 S.Ct. at 843.

█ Although the burden is on the movant to make a clear showing that the proposed transfer district is a more convenient one and that the interest of justice would be better served by a trial there, *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y. 1967), transfer decisions are committed to the sound discretion of the court. *Leif Hoegh & Co. v. Alpha Motor Ways, Inc.*, 534 F.Supp. 624, 626 (S.D.N.Y.1982); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 264, 70 L.Ed.2d 419 (1981). The Supreme Court has suggested that the court's discretionary power in ruling on motions to transfer is very broad. 349 U.S. at 32, 75 S.Ct. at 546, *quoted in Carta Cartoni Cellulosa, S.P.A. v. M.V. Costa Atlantica*, No. 84 Civ. 8673 slip op. at 4 (S.D.N.Y. March 14, 1986) [Available on WESTLAW, DCT database].

█ Turning to the first part of the test, according to 28 U.S.C. § 1391(a) "a corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business." The present action, therefore, could have been brought in either of two forums: in New York, where CLCS, Costa's agent, is incorporated; or in Virginia, where Costa is doing business. Since the original action might have been brought in Virginia, the first part of the test established by 28 U.S.C.A. § 1404(a) is satisfied.

For the second part of § 1404(a) test, the court applies the private and public interests considerations ennunciated by *Gilbert.* In that analysis, the factors clearly weigh in the defendants' favor.

The claim involves the cargo loss and damage to denim piece of goods shipped between the ports of Portsmouth, Virginia and Valletta, Malta. The shipment did not originate in, or terminate at, New York. The bill of lading was executed by Ramsey, Costa's port agent in Portsmouth. As the local port agent, Ramsey is clearly most familiar with the local business practices and customs as well as the facts of this particular shipment. The above factors warrant the adjudication of this case in that state.

Similarly, the convenience of the witnesses favors the transfer. Since the shipment, the loading, and most of the related activities took place in Virginia, the witnesses are either in that state or in North Carolina, and they are not in New York. Clearly all persons with knowledge of the cargo shipped, the cargo's condition, how the cargo was loaded and sealed, as well as the manner of loading of the ship, are located in and about the Portsmouth area. Requiring these witnesses to appear to testify in New York, when an alternative forum is available, would impose an undue burden on them. *Carta Cartoni Cellulosa, S.P.A., supra* at 6.

Likewise the presence of the stevedores and the truck company in Virginia favor the transfer of this case to that state. A transfer will further enable the Costa defendants to implead such possible third party defendants if discovery indicates that impleading is appropriate. Transfer could, thus, prevent multiplicity of suits and addi-

tional, unnecessary expense for the Costa defendants.

Objecting to defendants' motion to transfer, plaintiff cites some purpotedly similar cases in which the Costa defendants willingly litigated in this forum. Plaintiff claims this undercuts defendants' contention of inconvenience. The Costa defendants' strategy in previous cases on different issues is, however, irrelevant to the present controversy.

The public interest consideration also favors the transfer of this case to Virginia. Since this case involves maritime law, the applicable substantive law remains the same, regardless of the state in which the federal court sits. Adjudication of this case in New York, as opposed to handling it at its origin, would add to administrative congestion and burden New York courts.

## CONCLUSION

The interest of justice dictates that the Costa defendants' motion for transfer of venue to the Eastern District of Virginia be granted. The transfer will be more convenient to the parties and to the witnesses.

Accordingly, the Costa defendants' motion to transfer this case on grounds of *forum non conveniens* is granted. The clerk of this Court is ordered to transfer this case to the Eastern District of Virginia.

SO ORDERED.