**Ruben F. MORALES, Plaintiff,**

v.

**NAVIERAS DE PUERTO RICO, Puerto Rico Maritime Shipping Authority and Puerto Rico Marine Management, Inc., Defendants.**

**No. 88 Civ. 5550 (JMW).**

United States District Court, S.D. New York.

June 12, 1989.

Sheldon Tabak, Tabak & Mellusi, New York City, for plaintiff.

LeRoy S. Corsa, Walker & Corsa, New York City, for defendants.

### MEMORANDUM AND ORDER

WALKER, District Judge:

Plaintiff Ruben Morales ("Morales"), a resident of Luquillo, Puerto Rico, alleges that he was assaulted and injured in Puerto Rico while serving as a seaman on board the S.S. Borinquen, a vessel owned and operated by defendants. In February, 1988, plaintiff commenced an action against defendants in the Supreme Court of the State of New York. Justice Dontzin, however, dismissed the action based upon the principles of *forum non conveniens* and ordered that the action should be brought in Puerto Rico where the convenience of the parties would best be served. *Ruben F. Morales v. Navieras De Puerto Rico et. al.*, No. 4577/88, (S.Ct.N.Y. July 25, 1988).

Rather than file an action in Puerto Rico, plaintiff commenced the instant action in August, 1988, based upon the same claims brought before the Supreme Court of the State of New York. Defendants Puerto Rico Maritime Shipping Authority ("PRMSA") and Puerto Rico Marine Management, Inc. ("PRMMI") now move for an order transferring this action to the District of Puerto Rico pursuant to 28 U.S.C. § 1404.

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, the district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) thus proposes a two-part test. First, the transferee district must be one where jurisdiction over the defendant could have been obtained at the time the suit was brought, regardless of defendant's consent. Second, the transfer must be in the interest of justice and convenience of the parties and witnesses. *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960). The party seeking transfer bears the burden of establishing, by a clear and convincing showing, the propriety of transfer. *See Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

With respect to the first part of the test, according to 28 U.S.C. § 1391(a) "a corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business." Thus, plaintiff's action could have been brought in Puerto Rico in the first instance and the first part of the test under § 1404(a) has been satisfied.

With respect to the second part of the test, the Court must balance a number of factors, including:

(1) the convenience of the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems of indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice; a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice would be advanced by a transfer.

*Leasing Service Corp. v. Patterson Enterprises*, 633 F.Supp. 282, 284 (S.D.N.Y.1986) (Walker, J.), *citing Teachers Insurance and Annuity Association of America v. Butler*, 592 F.Supp. 1097, 1105 (S.D.N.Y. 1984) (Weinfeld, J.). Applying these factors, the Court finds that a transfer is warranted in the present case.

A primary factor in determining a § 1404(a) motion to transfer is where the operative facts occurred. *See e.g., Heyco, Inc. v. Heyman*, 636 F.Supp. 1545, 1549 (S.D.N.Y.1986) (citing cases). The alleged assault occurred while the vessel was berthed in San Juan, Puerto Rico, plaintiff was treated at a hospital in Puerto Rico and plaintiff continues to be treated by physicians in Puerto Rico today. No act related to this litigation is alleged to have occurred in New York. This factor strongly favor's defendant's motion. As Judge

Pollack of this district has stated: "[w]hile in general a plaintiff's choice of forum is entitled to considerable weight, that choice is accorded less weight when, as in the instant case, '[the] operative facts of [the] case have no material connection with the district.'" *Mobile Video Services, Ltd. v. National Association of Broadcast Employees and Technicians*, 574 F.Supp. 668, 671 (S.D.N.Y.1983).

In opposition to the motion, however, plaintiff claims that a transfer would hinder plaintiff's opportunity to obtain a fair trial because a key liability witness—the assailant—resides in Rockaway Beach, New York, and thus is not subject to the judicial power of the court in Puerto Rico. Plaintiff further contends that other key liability witnesses, all permanent or seasonal employees of defendants, reside in New Jersey and are also subject to the 100 mile subpoena power of this Court. Mellusi Aff. ¶ 9. This factor, while not to be taken lightly, is not dispositive. The testimony of these witnesses is available by deposition. Moreover, several of the witnesses call at San Juan where they may be subpoenaed.

It is undisputed that defendant PRMSA does not reside in New York or New Jersey, but rather is located solely in Puerto Rico. Plaintiff contends, however, that the operation, management, control and day to day activities of conducting the business of the ships is handled by defendant PRMMI, not PRMSA. Plaintiff maintains that PRMMI's principal place of business is New Jersey. Even if this is true, it is not significant. Although PRMMI has employees, directors and officers in both San Juan and New Jersey, and has a small sales office in New York, the Company is managed from San Juan and its records of business—including those pertaining to plaintiff's alleged injuries—are maintained in San Juan. There appears to be no potential witnesses to the incident in PRMMI's New York or New Jersey offices. In contrast, all of the medical witnesses and defendants' records pertaining to the alleged incident are located in Puerto Rico. The Court thus agrees with defendants that most of the relevant documents and witnesses are located in Puerto Rico. This

factor weights in favor of transferring the case to Puerto Rico.

Another factor to be considered in a transfer inquiry is the residence of the parties. *Heyco*, 636 F.Supp. at 1550. Because plaintiff is a resident of Puerto Rico he does not, nor can he, seriously argue that New York is a more convenient forum than Puerto Rico, especially when none of the operative facts occurred in New York, but rather occurred in Puerto Rico. *See Pesin v. Goldman, Sachs & Co.*, 397 F.Supp. 392, 394 (S.D.N.Y.1975) ("[a]lthough a plaintiff's choice of forum is entitled to substantial weight, that weight may be diminished where, as here, suit is brought outside plaintiff's home forum"); *Ross v. Tioga General Hospital*, 293 F.Supp. 209, 211 (S.D.N.Y.1968) ("where, as here, plaintiff has chosen a forum which is neither her home nor the place where the case of action arose that choice carries little weight"). This factor, then, also favors a Puerto Rico adjudication of this controversy.

Courts also consider which state's law is to govern the litigation. *See e.g., Copulsky v. Boruchow*, 545 F.Supp. 126, 128–29 (E.D.N.Y.1982). This factor, however, is irrelevant in the present case. Since this case involves federal maritime law, the applicable state law remains the same regardless of the state in which the trial is held.

After balancing all relevant factors and upon careful examination of all submissions—including parties' most recent letters to this Court—the Court finds that the interests of justice and balance of conveniences dictate that this matter should be transferred to Puerto Rico. Transfer to Puerto Rico will not only serve the interests of the parties but of the public. "Adjudication of this case in New York, as opposed to handling it at its origin, would add to administrative congestion and burden New York Courts." *Ins. Co. of North America v. S/S Ro Ro Genova*, 661 F.Supp. 1578, 1580 (S.D.N.Y.1987). To retain a case such as this which has no real nexus to New York would only serve to further delay adjudication of other cases brought by parties who are compelled to

sue in the Southern District of New York. Accordingly, defendants motion to transfer this action to the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. § 1404 is granted.

SO ORDERED.