**Dominic PIERCE, Plaintiff,**

**v.**

**Thomas A. COUGHLIN, Commissioner of Correctional Services; Louis F. Mann, Superintendent of Shawangunk Correctional Facility; Winston H. Gandy, Educational Supervisor, Defendants.**

**No. 91 Civ. 0579.**

United States District Court, S.D. New York.

Nov. 5, 1992.

Pierce, pro se.

Ellen J. Fried, Asst. Atty. Gen., N.Y.S. Dept. of Law New York City, for defendants.

### ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDATION

KRAM, District Judge.

This Court has received and reviewed the Report and Recommendation issued by

Magistrate Judge Grubin dated June 10, 1991 (the "Report"), in the above-captioned action. No timely objections to the Report and Recommendation have been made by the parties to this action. *See* Fed.R.Civ.P. 72(b). The Court has considered the Report and agrees with its recommendation to transfer this action to the Northern District of New York pursuant to 28 U.S.C. § 1404(a). Accordingly, it is hereby

ORDERED that the Report and Recommendation issued by Magistrate Judge Grubin, dated June 10, 1991, is accepted in accordance with 28 U.S.C. § 636(b); and it is further

ORDERED that defendants' motion for an order transferring this action to the Northern District of New York, pursuant to 28 U.S.C. § 1404(a), is granted.

SO ORDERED.

## REPORT AND RECOMMENDATION TO THE HONORABLE SHIRLEY WOHL KRAM

GRUBIN, United States Magistrate Judge:

On January 25, 1991, plaintiff Dominic Pierce ("Pierce"), currently incarcerated at Auburn Correctional Facility in Cayuga County, New York, commenced this action *pro se* under 42 U.S.C. § 1983 and § 1985. His claims arise from a disciplinary hearing at which he was found guilty of violating regulations prohibiting violent conduct, assault and fighting following what he characterizes as a "melee ... between the Muslim community and correctional officers" that occurred on March 10, 1989, when Pierce was a prisoner at Shawangunk Correctional Facility in Ulster County, New York. Pierce claims that at his hearing he was deprived of his rights to a fair and impartial hearing officer, to call witnesses, to have certain evidence "accepted," and to free speech. He also claims that his shackling during the hearing constituted cruel and unusual punishment. He alleges that,

in an Article 78 proceeding in Clinton County, the New York State Supreme Court on September 19, 1989 "reversed said disposition" and "relief was granted." However, the materials that have been submitted shed no light on the nature of this ruling or the "relief" that was granted.

With respect to the three named defendants, from allegations in the Complaint that defendants have not contradicted, at the time of the events in question, Thomas A. Coughlin was the Commissioner of the New York Department of Correctional Services, Louis F. Mann was the Superintendent of the Shawangunk Correctional Facility, and Winston H. Gandy conducted Pierce's hearing at Shawangunk.

Defendants now move for an order transferring this action to the Northern District of New York pursuant to 28 U.S.C. § 1391(b) or, in the alternative, 28 U.S.C. § 1404(a).

██ Section 1391(b) (as recently amended) provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only [in] (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

For venue purposes, public officials reside in the district in which they perform their official duties. *Birnbaum v. Blum*, 546 F.Supp. 1363, 1366 (S.D.N.Y.1982); *Cheeseman v. Carey*, 485 F.Supp. 203, 207 (S.D.N.Y.1980); *Buffalo Teachers' Federation v. Helsby*, 426 F.Supp. 828, 829 (S.D.N.Y.1976). Since defendant Coughlin

currently works in Albany and defendant Mann currently works in Shawangunk and Wallkill, both are residents of the Northern District. Defendant Gandy is now employed at the Otisville Correctional Facility, and thus now resides in the Southern District. Under the first category in § 1391(b), venue would therefore be proper in either the Northern or Southern District.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As then-District Judge Walker has explained:

> Section 1404(a) thus proposes a two-part test. First, the transferee district must be one where jurisdiction over the defendant could have been obtained at the time the suit was brought, regardless of defendant's consent. Second, the transfer must be in the interest of justice and convenience of the parties and witnesses. The party seeking transfer bears the burden of establishing, by a clear and convincing showing, the propriety of transfer.

*Morales v. Navieras de Puerto Rico,* 713 F.Supp. 711, 712 (S.D.N.Y.1989) (citations omitted).

In order to determine whether defendants have satisfied the burden of establishing the propriety of a transfer under § 1404(a), the following factors are relevant:

> (1) the convenience to parties; (2) the convenience to witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover

the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

*Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967). *See also Eichenholtz v. Brennan,* 677 F.Supp. 198, 199–200 (S.D.N.Y.1988) ("appropriate areas of inquiry include: where the operative facts occurred, the location of relevant witnesses and documents, the convenience of the parties, the plaintiff's choice of forum, and the docket conditions of the transferor and transferee districts" (citations and footnotes omitted)). Although *pro se* pleadings are to be construed liberally, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), applying these factors, I conclude that transfer of venue to the Northern District would be warranted in this case.

■ The primary factor in making this determination is that the operative facts all occurred at the Shawangunk facility, in the Northern District. *See Morales v. Navieras de Puerto Rico,* 713 F.Supp. at 712. Moreover, although defendants have failed to "set out the key witnesses to be called along with a general description of the substance of their testimony," *Leasing Service Corp. v. Patterson Enterprises, Ltd.,* 633 F.Supp. 282, 284 (S.D.N.Y.1986), they nonetheless make the plausible point that many relevant documents are located at Shawangunk, or in the central files of the Department of Correctional Services in Albany, and that any files regarding Pierce's Article 78 proceeding would be located in Clinton County. All these locations are in the Northern District.

The convenience of the parties appears to be an inconclusive factor. Pierce, currently incarcerated in a facility in Auburn, will have to be transported a greater distance for trial. For defendant Coughlin, certainly in the event the trial is held in Albany,[1] venue in the Northern District presumably

---

**1.** 28 U.S.C. § 112(a) provides: "Court for the Northern District shall be held at Albany, Au-

burn, Binghamton, Malone, Syracuse, Utica, and Watertown."

would be substantially more convenient. For defendant Mann, who works in the district's southeastern reaches, each of the possible trial locations in the Northern District presumably would involve greater travel distance than would trial in the Southern District.[2] For defendant Gandy, who works in the northwestern reaches of the Southern District, none of the possible trial locations in either district is close by.

Plaintiff's choice of forum is ordinarily entitled to some deference, but it "is given less weight where, as here, plaintiff is not a resident of the forum and the cause of action is minimally connected with the forum." *Eichenholtz v. Brennan*, 677 F.Supp. at 201. *See also Morales v. Navieras de Puerto Rico*, 713 F.Supp. at 713. In his affidavit in response to defendants' motion, Pierce points only to his perception that the Southern District is more likely to award prisoners relief than the Northern District as his reason for preferring this venue. But "no litigant has a right to have the interpretation of one federal court rather than that of another determine his case." *H.L. Green Co. v. MacMahon*, 312 F.2d 650, 652 (2d Cir.1962), *cert. denied*, 372 U.S. 928, 83 S.Ct. 876, 9 L.Ed.2d 736 (1963). Moreover, "[w]here it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter," plaintiff's choice of forum is "entitled to no weight whatever," and transfer of venue is appropriate. *Polaroid Corp. v. Casselman*, 213 F.Supp. 379, 383 (S.D.N.Y.1962) (citations omitted).

For the foregoing reasons, I respectfully recommend that defendants' motion for an order transferring this action to the Northern District of New York pursuant to 28 U.S.C. § 1404(a) be granted.

---

**2.** 28 U.S.C. § 112(b) provides: "Court for the Southern District shall be held at New York and White Plains."