Danny GOLD, Plaintiff,

v.

The BURTON CORPORATION and Paragon Sporting Goods, Defendants.

No. 96 Civ. 5413 (LAK).

United States District Court, S.D. New York.

Dec. 26, 1996.

Peter D. Aufrichtig, Aufrichtig Stein & Aufrichtig, New York City, for Plaintiff.

Janet M. Helmke, Halloran & Sage, Hartford, CT, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff, a Canadian citizen resident in Hong Kong, has brought this action alleging that defendant The Burton Corporation ("Burton"), a corporation organized under the laws of and headquartered in Vermont, has infringed his patent for the manufacture of certain gloves. The other defendant, a New York City sporting goods store, is joined on the theory that it is guilty of infringement by purchasing the accused gloves from Burton and selling them in New York City. Burton moves, pursuant to 28 U.S.C. § 1404(a), to transfer the action to the District of Vermont for the convenience of parties and witnesses and in the interest of justice.

■ There is no substantial doubt that a transfer to Vermont would serve the convenience of parties and witnesses and is in the interest of justice. Plaintiff has little convenience interest in a New York forum, as he is a non-resident. Burton is based in Vermont, as are all of the potential witnesses who have been identified to the Court concerning the issue of infringement, save plaintiff, and concerning Burton's sales and marketing activities. Under the traditional factors that control the determination of the relative balance of convenience on motions such as this, *see, e.g., Don King Productions, Inc. v. Douglas,* 735 F.Supp. 522, 533 (S.D.N.Y.1990), the balance tips heavily in favor of Vermont.

■ Plaintiff rejoins that Section 1404(a) permits transfer only to a district in which the action could have been brought and asserts that the case cannot be transferred because Paragon could not have been sued in Vermont. As far as the papers before the Court show, plaintiff is correct with respect to Paragon. There is no basis for concluding either that venue could be laid in Vermont with respect to Paragon or that Paragon could be subjected to *in personam* jurisdiction were this action commenced in Vermont.[1] Nonetheless, the Court's hands are

---

1. The fact that Paragon "waives any rights it may have to contest personal jurisdiction over it by the District Court of Vermont" (Def.Rep. 3) is immaterial. "[T]he transferee district must be one where jurisdiction over the defendant could have been obtained at the time the suit was brought, regardless of defendant's consent." *Morales v. Navieras de Puerto Rico,* 713 F.Supp. 711, 712 (S.D.N.Y.1989) (Walker, J.).

not tied where, as here, a plaintiff has joined an alleged infringer who has no real connection with the case except being downstream of the real defendant in the distribution chain for the manifest purpose of insisting upon an inconvenient venue with which the plaintiff himself has no genuine tie.

In a case such as this, the Court is empowered to sever the action as against the two defendants and transfer the main proceeding to the more convenient forum, provided its action in doing so would not effectively require that the suit be litigated in two places. *See Wyndham Associates v. Bintliff,* 398 F.2d 614, 618–19 (2d Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); 15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D § 3845, at 352–53 (1986). Given the tangential relationship of Paragon to the core questions in dispute, *Wyndham* fits this case like a glove.

Accordingly, this action is severed in that the plaintiff's claims against each of the two defendants henceforth will be separate actions. Plaintiff's action against Burton is transferred to the District of Vermont pursuant to 28 U.S.C. § 1404(a). Plaintiff's action against Paragon will be retained in this Court unless the Judicial Panel on Multidistrict Litigation sees fit to transfer it to the District of Vermont pursuant to 28 U.S.C. § 1407 for coordinated and consolidated pretrial proceedings with the action against Burton. The caption in this Court is amended to reflect Paragon as the sole defendant. In view of the retention of the action against Paragon, the clerk will retain the original file but send the Clerk of the District of Vermont certified copies of the docket and all papers filed herein. Absent a transfer of the action against Paragon to the District of Vermont under Section 1407, all proceedings in the Paragon action are stayed and the action is placed on the suspense docket pending final disposition of the action against Burton. There would be little sense to proceeding with respect to Paragon given that a determination of patent invalidity or non-infringement in the action against Burton would be dispositive of plaintiff's claim against Paragon and given also that it is Burton that presumably has the real interest in defending against plaintiff's infringement claim.

SO ORDERED.