**UNITED COMPANIES LIFE INSURANCE COMPANY**

v.

**BUTLER–PHILLIPS MANAGEMENT SERVICES, INC.**

Civ. A. No. 90–11–B.

United States District Court, M.D. Louisiana.

July 26, 1990.

---

Bob D. Tucker, Kantrow, Spaht, Weaver, Baton Rouge, La., for plaintiff.

Claude F. Reynaud, Jr., Breazeale, Sachse, Baton Rouge, La., for defendants.

## RULING ON DEFENDANTS' MOTION TO TRANSFER

POLOZOLA, District Judge.

The defendants have filed a motion to transfer this case to the Southern District of Ohio. To fully understand the issues involved in this motion, it is necessary to set forth some background on the parties and the prior litigation between them.

United Companies Life Insurance Company ("United") is a Louisiana corporation authorized to conduct business in 46 states (including Ohio) and the District of Columbia. Defendants Paul G. Butler and George R. Phillips are residents of Ohio and officers of Butler–Phillips Management Services, Inc. ("Butler–Phillips"), an Ohio corporation with its principal place of business in that state. United and Butler–Phillips entered into an administrative service agreement ("agreement") on June 1, 1987. Under this agreement, Butler–Phillips was to act as United's agent for marketing and administering United's credit insurance products in Ohio.

The parties were involved in two disputes on the agreement prior to the institution of the present action. The first dispute involved an attempt by United to cancel numerous Butler–Phillips accounts. This dispute was settled in October of 1988 after suit had been filed in the United States District Court for the Southern District of Ohio, Western Division. The second controversy grew out of United's imposition in March of 1989 of limits on commissions to be collected by Butler–Phillips. A suit involving this dispute was filed in the Southern District of Ohio and is currently pending before that court. The parties disagree as to the current status of the Ohio proceedings. United claims settlement is near while Butler–Phillips alleges the action is only in the discovery stage.

The most recent suit on the agreement involves a dispute over commission calculations which is now pending before this Court. United filed this breach of contract action in the 19th Judicial District Court for the Parish of East Baton Rouge, State

of Louisiana seeking declaratory and injunctive relief. On January 3, 1990, defendants timely removed the suit to this Court. The defendants claim the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

Defendants have now moved to transfer this action to the United States District Court for the Southern District of Ohio, Western Division. It is clear that this suit could have properly been brought in the Southern District of Ohio under 28 U.S.C. § 1391(a) since all defendants are residents of that district. Since the suit could have been brought in the Southern District of Ohio, the suit can be transferred there under 28 U.S.C. § 1404(a).

 A district court may transfer a civil action to another forum "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether to transfer a suit to another forum, the Court should consider such factors as ease of access to sources of proof, availability of compulsory process for unwilling witnesses and cost of attendance for willing witnesses, the location of exhibits, and any other relevant facts that will facilitate the disposition of a case. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The movant has the burden of proving convincingly the need to transfer from a court with proper venue. This proof should include a specific showing of necessary witnesses to be called at the trial and their expected testimony. *Southern Investors II v. Commuter Aircraft Corp.*, 520 F.Supp. 212 (M.D.La.1981). The relative caseloads in the transferor and transferee courts may also be weighed in deciding a motion to transfer. *Motown Record Corp. v. Mary Jane Girls, Inc.*, 660 F.Supp. 174 (S.D.N.Y. 1987).

 Many of the witnesses and exhibits needed for this action are located in Ohio and more readily available there. Accounting records for the commissions that form the basis of this dispute are located in Butler–Phillips' offices, and the officers of the company who are co-defendants and parties to the agreement reside nearby. One of these officers, Paul G. Butler, has already been named as a witness and has disclosed his expected testimony in an affidavit. It is also in the interest of justice and judicial economy to transfer this case to the Southern District of Ohio. It is probable that if this case is transferred, it will likely be consolidated with the companion case pending in Ohio. Such a transfer and consolidation can only expedite the disposition of the two cases and save the parties and the courts the time and expense of redundant litigation. It will also prevent the possibility of inconsistent decisions being rendered by two different courts. Thus, a transfer would further the interest of the litigants and the court. It is also clear that a transfer would not impose a great burden on the plaintiff who is already defending a related suit in the transferee court. The slight inconvenience United may face in transporting additional records, if any, which may be needed is far outweighed by the use of a single court to resolve the issues between the parties which are pending in the two suits.

The fact that Louisiana law governs the agreement by the express language set forth in Article 8.7 of the Administrative Service Agreement does not pose an obstacle to transfer. The Southern District of Ohio is already faced with a related dispute between the same parties over the same agreement governed by the same body of law, and is fully prepared to dispose of that matter.

As noted earlier, the Court concedes that United may suffer some inconvenience resulting from the transfer. The Court also realizes that it should give the plaintiff's choice of forum some consideration before transferring a suit. These factors are outweighed by the interest of judicial economy.

Therefore:

IT IS ORDERED that defendant's motion for change of venue be GRANTED and this case is hereby transferred to the United States District Court for the Southern District of Ohio.