AQUATIC AMUSEMENT ASSOCIATES,
LTD., Plaintiff,

v.

WALT DISNEY WORLD CO., Heery International, Inc., Heery Architects and Engineers, Inc., Heery Architects, Engineering and Planning, Inc., Heery Architects and Engineers, Inc., and Heery Engineering, Inc., Defendants.

No. 89–CV–562.

United States District Court,
N.D. New York.

April 5, 1990.

DeGraff, Foy, Conway, Holt–Harris & Mealey (Christopher Massaroni, of counsel), Albany, N.Y., for plaintiff.

Ainsworth, Sullivan, Tracy & Knauf (Timothy J. O'Connor, of counsel), Albany, N.Y., and O'Brien, O'Rourke, Hogan & McNulty (James Moye, of counsel), Chicago, Ill., for defendants Heery.

Fitzpatrick, Cella, Harper & Scinto (Nicholas M. Cannella, of counsel), New York City, for Walt Disney World Co.

McCURN, Chief Judge.

## MEMORANDUM–DECISION AND ORDER

Defendant Heery International Inc. ("Heery") has moved for reconsideration of this court's bench decision of February 6, 1990. Defendant asserts that the court gave undue consideration to the plaintiff's choice of forum when making its determination to deny its motion to transfer the venue of this action to the Middle District of Florida. The parties have not placed any additional factual assertions or new case law before the court. Rather, defendant Heery simply asserts that the law was wrongfully applied. In its response, plaintiff has essentially rested on the litigation papers it filed in opposition to the original motion to transfer.

On March 28, 1990, the court issued an order which denied the defendant's motion for reconsideration on the grounds that it was untimely filed under Rule 10(m) of the Local Rules of the Northern District of New York. After discussion with counsel it appears that the motion for reconsideration was filed in a manner and time which warrants that it be considered on the merits. Therefore, the March 28, 1990, order is hereby rescinded.

### Background

This suit arises out of the design and construction of the Typhoon Lagoon water park at Disney World near Orlando, Florida. On October 3, 1989, the court heard and denied defendant Walt Disney World Company's ("Disney") motion to dismiss for lack of personal jurisdiction. Presently before the court is a motion by the other defendant, Heery International Inc., to reconsider the court's February 6, 1990, denial of its motion to transfer this action to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). Disney has submitted a short memorandum and affidavit in support of Heery's original motion.

The plaintiff, Aquatic Amusement Associates, Ltd., ("AAA") is a corporation engaged in the business of designing and engineering equipment for water amuse-

ment parks. AAA brought this action seeking damages under theories of quasi contract, unjust enrichment and tortious interference with a prospective business relationship. These claims are based on the assertion that Walt Disney World and its project manager on Typhoon Lagoon, Heery International, have wrongfully converted AAA's confidential technical data and design concepts in the course of constructing Typhoon Lagoon. The plaintiff's principle place of business is near Albany, New York. Defendant Disney is a resident of the Middle District of Florida and defendant Heery is a Georgia Corporation with its principal place of business in Atlanta.

## Legal Standard

■ Title 28 U.S.C. § 1404(a), which governs the transfer of civil cases, states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The threshold question in a motion to transfer is whether the action could have been brought in the district to which transfer is sought. *Arrow Electronics, Inc. v. Ducommun Inc.,* 724 F.Supp. 264, 265 (S.D.N.Y.1989). Where, as here, the jurisdiction of the court is based on the diverse citizenship of the parties, the action may be brought "only in the judicial district where all the plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a). This court has recently had the opportunity to thoroughly review the case law governing a motion to transfer. In *Pellegrino v. Stratton Corp.,* 679 F.Supp. 1164 (N.D.N.Y.1988) this court stated:

> A motion to transfer ... is addressed to the sound discretion of the court.... It is well settled that the burden is on the defendant, when it is the moving party, to establish that there should be a change of venue.... A discretionary transfer under [section] 1404(a) "will not be granted '[a]bsent a clear cut and convincing showing by defendant[s] that the balance of convenience weighs strongly in favor of the transferee court ...'"

*Vassallo v. Niedermeyer,* 495 F.Supp. 757, 759 (S.D.N.Y.1980).

The factors relevant to the determination of whether this action should be transferred ... include:

> the convenience to parties; the convenience of witnesses; the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; practical problems that make trial of a case easy, expeditious, and inexpensive; and the interests of justice.

*Id.* Further, in this circuit, when a party seeks a transfer based on convenience of witnesses pursuant to [section] 1404(a) he must clearly specify the key witnesses to be called and must make a general statement of their testimony.... That is so because convenience to the witnesses is a very important factor. In addition to the factors listed above, the relative financial hardship on the litigants and their respective abilities to prosecute or defend an action in a particular forum are legitimate factors to consider.... The consideration of comparative calender conditions is also relevant.... Finally, ... the plaintiff's choice of forum is an additional consideration.

*Id.* at 1166–67 (citations omitted); *see also Arrow Electronics, Inc. v. Ducommun Inc.,* 724 F.Supp. at 265–66 (recent summary of Second Circuit case law on transfer motions).

## Discussion

### A. Whether Florida Is An Appropriate Forum.

■ The Northern District of New York is clearly an appropriate venue under 28 U.S.C. §§ 1391(a) and 1404(a) because it is the district in which the plaintiff resides. The defendants, on the other hand, are citizens of different states. As a result, the Middle District of Florida is an appropriate venue only if this court finds that the plaintiff's claims arose in that district. The plaintiff contends that its claims for unjust enrichment/quasi contract and tortious interference with a prospective busi-

ness relationship arose in New York and, therefore, the Middle District of Florida is not a proper venue.

The only concrete evidence, of contacts between the plaintiff and the defendants with respect to the Typhoon Lagoon project, has been provided through the detailed affidavit of Herbert Ellis, the president of plaintiff Aquatic Amusement Associates. According to Mr. Ellis, the parties engaged in extensive negotiations and transfers of technical information from the fall of 1986 through the spring of 1988. Mr. Ellis also describes two meetings over three separate days in which officials from the defendants, as well as other experts, traveled to New York for discussions concerning AAA's proposals for Typhoon Lagoon. Ellis Affidavit pars. 10–17.

For their part, the defendants have placed little or no evidence before the court concerning the interaction of the parties within the Middle District of Florida. Heery simply asserts that "[b]oth the Plaintiff and Defendant Heery International, Inc. had substantial and significant contacts with the Middle District of Florida." Heery's Mem. of Law at 4. Such bald statements, unsupported by affidavit, would in most circumstances be insufficient to show that the venue in a particular jurisdiction was proper. However, the court may properly conclude that the Middle District of Florida would be an appropriate venue. The claims asserted by the plaintiff against defendant involve allegations concerning a wrongful taking of ideas from New York, with wrongful use of those ideas in the design and construction of the Typhoon Lagoon park in Florida. Moreover, the "unjust enrichment" of the defendants, if any, would at least in part have taken place in Florida—with any loss to the plaintiffs taking place in New York. This court cannot help but conclude that significant acts with respect to plaintiff's claims took place in both New York and Florida. Venue could be assigned to either location with "approximately equal plausibility." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979); *see also Davis v. Costa–Gavras*, 580 F.Supp. 1082, 1089–

90 (S.D.N.Y.1984). Therefore, the court holds that the Middle District of Florida would be an appropriate venue for the adjudication of this action.

*B. Which Forum Is More Convenient?*

 As noted above, the party requesting the transfer "bears the burden of establishing, by a clear and convincing showing, the propriety of transfer." *Morales v. Navieras De Puerto Rico*, 713 F.Supp. 711, 712 (S.D.N.Y.1989); *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2nd Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). Defendant Heery claims that the Middle District of Florida is the preferred venue because it is the more convenient location for the majority of likely witnesses. While the convenience of party witness is a factor to be considered, *Pellegrino v. Stratton Corp.*, 679 F.Supp. at 1166–67, the convenience of non-party witnesses is the more important factor. *Nieves v. American Airlines*, 700 F.Supp. 769, 772 (S.D.N.Y.1988). When determining whether a particular venue is more convenient to witnesses courts do not limit their investigation to a review of which party can produce the longer witness list. 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3851 at 425. Rather, courts should look to the nature and quality of the witnesses testimony with respect to the issues in the case. *See Vaughn v. American Basketball Assoc.*, 419 F.Supp. 1274, 1276–77 (D.C.N.Y.1976).

 Defendant Heery has submitted a list of thirty seven potential trial witnesses along with a very brief description of their testimony. Affidavit of Joshua Brenner, Exhibit A. An examination of this list, along with the submissions of plaintiff, reveals that the plaintiff is likely to call six witnesses all of whom reside in the vicinity of Albany, New York. All five of the witnesses listed by Heery reside near Atlanta, Georgia. The large majority of the sixteen Disney witnesses are domiciled in the Middle District of Florida near Orlando. However, a number of the Disney witness-

es live in Los Angeles, Georgia, and South Carolina.

It is important to note that Defendant Disney does not fully support Heery's designation of its witnesses or characterization of their testimony. Disney's memorandum of law at page 3 states:

[Walt Disney World] has reviewed the list of [Walt Disney World] employees set forth in Exhibit A of the Affidavit of Joshua Brenner submitted in support of Heery's motion. While WDW does *not* concur that each of these persons is a probable witness, *nor* does it necessarily agree with the purported testimony set forth for each, WDW agrees that some of the people listed may in fact prove to be witnesses.

(Emphasis added). This statement is hardly a rousing endorsement of Heery's characterization of Disney's likely witnesses at trial. Included within Heery's list of potential witnesses are ten non-party witnesses. Not one of these non-party witnesses resides within Florida or New York. Moreover, the proximity, of the states and nations listed as the residences of these non-party witnesses, to New York or Florida does not operate to make either location the more convenient forum.

On the whole, neither forum is decidedly more convenient to the witnesses. While Atlanta Georgia, the residence of all of Heery's witnesses, is clearly closer to the Middle District of Florida than the Northern District of New York, both venues would probably require air transportation and hotel accommodations for the out-of-district witnesses. Moreover, Heery has not provided the court with any details concerning the length of the testimony which may be required of its witnesses, the impact of their absence on the corporate offices, or the relationship of their testimony to the issues in this case. On the other hand, plaintiff AAA asserts that its six witnesses are high corporate officials whose absence from northern New York for a long period of time would be detrimental to AAA's ongoing business activities. Additionally, plaintiff maintains that its witnesses will testify at length to issues

at the "heart" of this case—the negotiations of the parties, the transfer of technical information, the meetings in Albany, and the damages which have been incurred. Plaintiff's Mem. of Law at 17; Affidavit of Massaroni, par 7. If anything, the plaintiff has presented a more convincing case that the Northern District of New York is the more convenient venue for the potential witnesses to this action. This is especially so in light of defendant's failure to substantiate its assertions with specific facts.

■ Defendant maintains that the relative ease of access to evidence is a factor which weighs in favor of transferring this action to the Middle District of Florida. This factor is clearly an important consideration in motions to transfer pursuant to 28 U.S.C. § 1404(a). *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Defendant Heery believes that a court view of Typhoon Lagoon will be necessary at the trial of this matter. Heery contends that "[w]hether any [tortious] interference occurred, and whether any misappropriation of intellectual property occurred, will be determined from all of the facts and circumstances concerning the wave-machine and Typhoon Lagoon project." Heery's Mem. of Law at 12. Heery also asserts that all of the documentary evidence held by both itself and Disney is currently located in the Middle District of Florida. Defendant claims that it would be burdensome to transport all these documents to New York.

For its part, the plaintiff asserts that it would be highly prejudicial to bring a jury to one of the world's largest theme parks as part of a trial. In short, plaintiff believes that it would lead a jury to believe that it was suing Mickey Mouse as opposed to a large corporation. Moreover, AAA claims that any required view of Typhoon Lagoon could be provided through video tapes, pictures, and diagrams. Secondly, plaintiff points out that the reason why Heery's documents are within the Middle District of Florida, rather than in Atlanta, is because Heery has retained counsel located in Orlando Florida and transferred its

documents with respect to Typhoon Lagoon to that location. AAA maintains that if it was no problem for Heery to transport its documents to Orlando, it could not be that burdensome to transport the documents to Albany, New York. In any event, it is clear to the court that Heery cannot transfer its documents to Orlando and then rely on their location as a factor weighing in favor of transferring this action to Florida.

Plaintiff asserts that it has assembled five large boxes of documentary evidence with respect to its work on Typhoon Lagoon that would have to be transported to Florida. More important is plaintiff's claim that it may want to introduce into evidence the two scale models of its wave pool proposal which were allegedly presented to the defendants at the Albany meetings. These models are about forty feet long and twelve to fifteen feet wide. Plaintiff contends that these models will be important in showing how their concepts were used in the design and construction of Typhoon Lagoon. However, the plaintiff admits that these models could, at some expense, be transported and assembled in Florida. The same could not be said of Typhoon Lagoon. With respect to the relative ease of access to sources of proof it appears to this court that "the balance of inconvenience is equipoise" *Pellegrino v. Stratton Corp.*, 679 F.Supp. at 1167, and thus does not tip decidedly in favor of either party.

■ The parties have not made any allegations concerning the relative financial hardship a particular venue would have on the litigants. *See Goldstein v. Rusco Industries, Inc.*, 351 F.Supp. 1314, 1318 (E.D. N.Y.1972). However, this factor is usually only applicable to situations where an individual is suing a large corporation and thus would not be applicable here. *Arrow Electronics, Inc. v. Ducommun Inc.*, 724 F.Supp. at 266. The plaintiff does assert that the transfer of this action to Florida would result in the "awkward" situation where a Florida Court would have to apply New York law. AAA claims that this is a factor weighing in favor of retaining jurisdiction in this court. It is true that when a case has been transferred for the convenience of the parties the transferee court must apply the same law as the transferror court would have applied. *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 820, 11 L.Ed.2d 945 (1964). However, this matter has not proceeded to the point where a choice of law decision has been made. The law of the case is as likely to be that of Florida as New York. Moreover, this court, as a federal court, should not be overly concerned with which state law is applicable when deciding a motion to transfer venue. *See, e.g., Nat'l Patent Development Corp. v. American Hospital Supply Corp.*, 616 F.Supp. 114, 116 (S.D.N. Y.1984); *Vassallo v. Niedermeyer*, 495 F.Supp. 757, 760 (S.D.N.Y.1980).

■ Aquatic Amusement Associates also contends that Heery has engaged in extensive delay by making this motion some eight months after the initiation of this action. Though the Federal Rules of Civil Procedure do not set a time limit on when a motion to transfer can be made, it is clear that unreasonable delay can be a factor in a court's denial of such a motion. *See Meinerz v. Harding Brothers Oil & Gas Co.*, 343 F.Supp. 681 (E.D.Wis.1972); 15 Wright, Miller & Cooper, *Federal Practice & Procedure* § 3844 at 337–38. Here, however, the court does not believe that Heery has engaged in unreasonable delay. The action was removed on May 4, 1989. On October 3, 1989, this court heard and denied a motion by defendant Disney to dismiss this action for lack of personal jurisdiction. Since Heery filed its motion to transfer with this court on December 8, 1989, any delay which may have occurred is limited to two months—hardly an unreasonable delay.

■ Finally, plaintiff contends that this court should recognize that Disney is an important economic force and employer in central Florida and that juries in that area might be unduly friendly to the defendants. Though the court has no doubt that Disney is looked upon with favor by the people of central Florida, the "evidence" provided by the plaintiff, which consists of two magazine articles, does not establish that a fair minded jury could not be drawn from the Middle District of Florida.

**60**

*Conclusion*

From the evidence and arguments placed before it, the court concludes that venue for this action would be proper in either the Northern District of New York or the Middle District of Florida. Moreover, an analysis of the factors normally taken into consideration by courts when determining motions to transfer pursuant to 28 U.S.C. § 1404(a) reveals that neither jurisdiction is decidedly more convenient than the other. Given that the party requesting transfer "bears the burden of establishing, by clear and convincing showing, the propriety of transfer," *Morales v. Navieras De Puerto Rico*, 713 F.Supp. 711, 712 (S.D.N.Y.1989), and that plaintiff's choice of forum is entitled to deference, *Zangiacomi v. Saunders*, 714 F.Supp. 658, 660 (S.D.N.Y.1989); *Miller v. County of Passaic, New Jersey*, 699 F.Supp. 409, 411 (E.D.N.Y.1988), this court must deny defendant Heery's motion to reconsider the court's previous decision which refused to transfer this action to the Middle District of Florida. "A mere shifting of inconveniences is not grounds for transfer." *Arrow Electronics, Inc. v. Ducommun Inc.*, 724 F.Supp. at 266.

Accordingly, defendant Heery's motion for reconsideration is denied.