**FAMILY REALTY & CONSTRUCTION CO., LTD., Plaintiff,**

v.

**MANUFACTURERS AND TRADERS TRUST COMPANY, Defendant,**

and

**Federal Deposit Insurance Corporation, as Receiver for Goldome, Intervening Defendant.**

No. 96–CV–0298.

United States District Court, N.D. New York.

July 17, 1996.

Bainbridge & Straus, Birmingham, Alabama (Michael Straus, of counsel), for plaintiff.

Nixon, Hargrave, Devans & Doyle, L.L.P., Albany, New York (Robert S. McEwan, Jr., of counsel), for defendant.

Hiscock & Barclay, L.L.P., Buffalo, New York (Drew V. Tidwell, of counsel), for intervening defendant.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Plaintiff, Family Realty & Construction Co., Ltd. ("Family"), commenced this action by filing a Complaint, dated February 15, 1995, against Manufacturers and Traders Trust Company ("M & T") in New York State Supreme Court Albany County seeking payment of the principal and accrued interest on certain Capital Notes. The Capital Notes had been unsecured subordinated liabilities

of Goldome, a bank that had been closed by the New York State Banking Department on May 31, 1991. The Federal Deposit Insurance Corporation ("FDIC") was appointed Goldome's receiver. Although certain assets and liabilities of Goldome were transferred to Key Bank of Western New York ("Key") and, immediately thereafter, to M & T, the Capital Notes were not specified in either of the purchase and assumption agreements. Therefore, the Capital Notes remained an obligation of the receiver.

Nevertheless, there was an inadvertent transfer of the Capital Notes to M & T for a brief period, and M & T made one interest payment to the note holders. Plaintiffs Memorandum of Law May 24, 1996 at 2. The FDIC intervened in this action, arguing that the error was promptly reversed and that plaintiff has no rights through Key or M & T. FDIC Memorandum of Law April 30, 1996 at 6. The FDIC removed the case to this Court on February 20, 1996. Before the Court at this time is the FDIC's May 6, 1996 Motion for Transfer pursuant to 12 U.S.C. § 1821(d)(6)(A) of the Federal Deposit Insurance Act ("FDI Act"), and 28 U.S.C. § 1404(a) and § 1406. The defendant M & T does not oppose transfer.

In the instant motion, the FDIC seeks to have this action transferred to the Western District of New York. The FDIC claims that the Western District is the proper venue because of the convenience to the defendants, the convenience of witnesses, the ease of access to sources of proof, the location of the principle place of business of the failed bank, Goldome, in the Western District of New York, and 12 U.S.C. § 1821(d)(6)(A) which allegedly mandates a transfer. The plaintiff, of course, opposes transfer. The plaintiff argues that the FDIC waived its objection to venue under Fed.R.Civ.Proc. 12(h) by filing an Answer in state court prior to removal that did not raise the objection, that the Northern District of New York is the proper district for removal, that 12 U.S.C. § 1821(d)(6)(A) is not applicable because the claim was not asserted against the FDIC or the failed institution, and that the FDIC has not made a clear and convincing showing that

transfer is appropriate in terms of convenience or the interests of justice.

## II. DISCUSSION

### A. Change Of Venue Standard

■■■ The instant motion is made pursuant to 28 U.S.C. § 1404, which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion for transfer under this statute rests within the sound discretion of the Court. *Golconda Mining Corp. v. Herlands*, 365 F.2d 856, 857 (2d Cir.1966). Among the factors that the Court should consider when making such a determination are:

> [T]he convenience of the parties; the convenience of the witnesses; the relative ease of access to the sources of proof, the availability of the process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; practical problems that make trial of a case easy, expeditious, and inexpensive; and the interest of justice.

*Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 56 (N.D.N.Y.1990).

■■■ Defendants, as the parties moving for transfer, bear " 'the substantial burden of establishing that transfer [of the] case is in the interest of justice.' " *Lappe v. American Honda Motor Co.*, 857 F.Supp. 222, 229 (N.D.N.Y.1994), *aff'd sub nom.*, *Lappe v. Honda Motor Co. of Japan*, 1996 WL 170209 (2d Cir. Apr. 11, 1996) (*quoting, Nieves v. American Airlines*, 700 F.Supp. 769, 772 (S.D.N.Y.1987)). Furthermore, a discretionary transfer under Section 1404(a) "will not be granted 'absent a clear-cut and convincing showing that the balance of convenience weighs strongly in favor of the transferee court.' " *Lappe*, 857 F.Supp. at 229 (*quoting, Pellegrino v. Stratton Corp.*, 679 F.Supp. 1164, 1166 (N.D.N.Y.1988)). Finally, courts consistently have given "some deference" to the plaintiff's choice of forum, with the caveat that "any presumption favoring the choice is weakened where the action has little relation-

ship to the chosen forum." *Lappe,* 857 F.Supp. at 229. One measure of the relationship, not surprisingly, is the connection between the forum and the case's operative facts. *Morales v. Navieras de Puerto Rico,* 713 F.Supp. 711, 712 (S.D.N.Y.1989).

In the instant motion, the relevant factors under consideration are: the convenience of parties and witnesses, access to sources of proof, providing a forum for the most expeditious and inexpensive trial, and the interest of justice, i.e., the applicability of 12 U.S.C. § 1821(d)(6)(A). The Court, of course, must give due consideration of the plaintiff's original choice of forum. The Court now turns to the arguments of counsel.

## B. Convenience Of Parties And Witnesses

■ The first factor stressed by the FDIC in favor of transfer is that the Western District of New York is more convenient to the parties and witnesses. *Aquatic Amusement,* 734 F.Supp. at 56. The FDIC argues that M & T and Goldome, the failed institution, have their principle places of business and books and records located in the Western District. The FDIC also claims that any necessary witnesses are located in the Western District of New York. FDIC's Memorandum of Law at 7, and 9. Thus, the FDIC also argues that convenience weighs in favor of transfer to the Western District.

Plaintiff argues that it resides in the Northern District, and that it would be more convenient to litigate the case in this Court. Moreover, the plaintiff also argues that the FDIC has not provided the Court with a list of witnesses or a generalized statement of the witnesses expected testimony to support their Motion. *LaCorte Elec. Constr. & Maintenance, Inc. v. Centron Security Systems, Inc.,* 894 F.Supp. at 84. Thus, plaintiff concludes that the FDIC has failed to make the required "clear-cut and convincing showing that the balance of convenience weighs strongly in favor of the transferee court." *National Union Fire Ins. Co. of Pittsburgh, PA v. Coric,* 924 F.Supp. 373, 378 (N.D.N.Y. 1996) (citation omitted).

The court agrees with plaintiff that, although some witnesses and the defendant bank may be located in the Western District of New York, the intervening defendants have not met their burden of proof showing that the Western District is *clearly and convincingly* more convenient for the parties and/or witnesses than the Northern District.

## C. Access To Sources Of Proof

■ The second factor that the FDIC claims supports a motion to transfer is the ease of access to proof. *Aquatic,* 734 F.Supp. at 56. In this instance, the FDIC relies upon the fact, previously discussed, that Goldome's principle place of business and records are located in the Western District of New York. However, plaintiff points out that the argument is based on the FDIC's attorney's statement that the books, records and witnesses are located in the Western District. However, no showing has been made that transporting the necessary records would create an undue expense, or that the "ease of access" to proof would be impaired seriously if the required records had to be transported from the Western District to the Northern District. *See National Union Fire Ins. Co. of Pittsburgh, PA v. Coric,* 924 F.Supp. 373, 378 (*quoting, Aquatic,* 734 F.Supp. 54, 56 (N.D.N.Y.1996)).

The Court finds that the FDIC has not made a clear and convincing showing that the ease of access to proof would be impaired if the case was tried in the Northern District of New York, rather than the Western District of New York.

## D. Interests Of Justice

A third factor that the Court is asked to consider when determining the instant motion is the interests of justice. *Aquatic,* 734 F.Supp. at 56. The FDIC argues that § 1821(d)(6)(A) of the FDI Act mandates transfer. The FDI Act provides, in relevant part,

**(6) Provision for agency review or judicial determination of claims**

  **(A) In general**

    Before the end of the 60–day period beginning on the earlier of—

      (i) the end of the period described in paragraph (5)(A)(i) with respect to any

claim against a depository institution for which the Corporation is receiver; or

(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i),

the claimant may ... file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia and such court shall have jurisdiction to hear such claim.

12 U.S.C. § 1821(d)(6)(A). Thus, according to the FDIC, under the Act only the Western District of New York, as the location of Goldome, and the District of Columbia are appropriate forums for this case. It is the FDIC's position that the Act mandates that the Court transfer this case to one of those jurisdictions. Moreover, the FDIC argues that a failure to comply with the Act would amount to substantial injustice. Also, the FDIC maintains that the less congested docket of the Western District suggests that it is the more appropriate venue for efficient progression of the case.

In the alternative, the FDIC argues that 28 U.S.C. § 1406 provides a basis for transfer because it allows for a case in the wrong division or district to either be dismissed or, in the interest of justice, be transferred to the division or district in which it could have been brought. Specifically, 28 U.S.C. § 1406(a) states "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, the FDIC argues that the interests of justice and efficiency call for transfer to the Western District of New York.

Plaintiff responds with several arguments. The first, under Fed.R.Civ.P. 12(h)(1), the objection to venue was waived by the defendants due to their failure to raise the defense in their Answer prior to removal. They also argue that removal to the Northern District of New York is proper, and that such removal must go undisturbed. Plaintiff's third argument is that 12 U.S.C. § 1821(d)(6)(A) does not apply since plaintiff did not assert a claim against the FDIC or an institution in receivership, the only two entities within the scope of the Act. The plaintiff's Complaint named only M & T.

▮▮▮ As to plaintiff's reliance on Fed.R.Civ.P. 12(h), the Second Circuit has held that removal is to a proscribed court, and, given that "[n]o choice is possible[,] ... for that reason nothing can be waived by the defendant in a removed action." *Moss v. Atlantic Coast Line R.R. Co.*, 157 F.2d 1005, 1006 (2d Cir.1946). The FDIC also argues, in the alternative, that they had preserved the defense through their state court Answer, in which their Ninth Affirmative Defense stated that the court lacked subject matter jurisdiction pursuant to 12 U.S.C. § 1821(d)(13)(D). The Court finds that, in light of *Moss*, the FDIC has not waived its right to move for a change of venue.

As to the propriety of removal, it is clear that the Northern District of New York was the proper district for removal from state court, because it is the federal district in which the state court sits. *See* 28 U.S.C. § 1441(a). However, this does not preclude the Court from transferring the case to another district. *See* 28 U.S.C. § 1406(a). The Court iterates its deference to plaintiff's original choice of forum. However, the Court finds that the statute overcomes this concern, in this instance. Thus, the Court holds that, if transferred, the Western District of New York is a proper venue for this action.

As to the application of 12 U.S.C. § 1821(d)(13)(D), the Court first notes that the New York State Supreme Court found that the FDIC is a proper intervening party and has an interest in the outcome of the case. *Family Realty & Constr. Co., Ltd. v. Manufacturers and Traders Trust Co.*, Index No. 852–95 RJI No. 0195041297 (Supreme Court, County of Albany). Therefore, this Court finds that the FDI Act applies in this case, given the general intent and purpose of the Act. The Court acknowledges that, under a strict reading of the statute, this case

may not fall within the four corners of the Act. However, the Court feels compelled to apply the statute because of an overriding circumstance in this case, i.e., that, but for an error in record keeping, M & T would not have been the named owner of these Capital Notes, would have not been a named party in this action, and plaintiff would have filed this action against Goldome and/or the FDIC as receiver. Therefore, the Court finds that transfer is not precluded merely due to the erroneous possession of the Capital Notes by M & T, rather than the FDIC, at the time this suit commenced.

### E. Least Congested And Expensive Location

▮ Facilitation of an easy, expeditious, and inexpensive trial should be considered when reviewing a motion for transfer. *Aquatic*, 734 F.Supp. at 56. The FDIC argues that the Western District, as one of the proper venues for the case under 12 U.S.C. § 1821(d)(6)(A) of the FDI Act, is a better forum than the District of Columbia given its less congested docket and the increased speed with which the matter can progress. Plaintiff maintains that 12 U.S.C. § 1821(d)(6)(A) does not apply to this case and, therefore, the Western District is not a proper venue.

As stated above, this Court agrees with the FDIC that the FDI Act does apply, but notes that no concrete evidence has been presented to demonstrate that the Western District would provide an expedited or less expensive trial. Nevertheless, looking to all the circumstances of this case, the location of the parties, witnesses, and proof, the Court finds that plaintiff is more likely to try the case with ease in the Western District of New York than the District of Columbia.

### III. CONCLUSION

For the foregoing reasons, intervening defendant FDIC's motion for transfer of this action to the Western District of New York is hereby GRANTED.

**IT IS SO ORDERED.**