Cleco Mfg v. Dura-Crete                    CV-97-274-SD 11/26/97

**UNITED STATES DISTCT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Cleco Manufacturing, Inc.


   v.                                  Civil No. 97-274-SD


Dura-Crete, Inc.


## O R D E R

This case is a contract action before the court on diversity jurisdiction.  The underlying dispute arose out of plaintiff Cleco Manufacturing, Inc.'s sale of equipment to defendant Dura-Crete.  Cleco initiated the case against Dura-Crete claiming damages due for breach of contract, or under a theory of quantum meruit.  Dura-Crete has asserted a host of cross-claims based on breach of contract, breach of express and implied warranties, and various negligence theories.  Now before the court is Dura-Crete's motion to transfer the case from the District of New Hampshire to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a) (1994).


## Background

Cleco, a Connecticut corporation with its principal place of business in New Hampshire, is a manufacturer of industrial

machinery. Dura-Crete is an Ohio corporation and has its principal place of business in Ohio.

In 1995 Dura-Crete began construction of an Indiana plant to make concrete industrial products. Dura-Crete hired a contractor who contracted with several subcontractors to construct the plant. Dura-Crete also entered into an agreement with Cleco to provide a central mix batch plant machine and a multi-station manhole machine.

Cleco designed and manufactured the machines in Londonderry, New Hampshire, and delivered them to the plant in Indiana. Cleco claims that it provided the machines in accordance with the contract, but that Dura-Crete has failed to pay the consideration required by the contract. Cleco instituted the present action to recover the amount it claims is due under the contract.

Dura-Crete contends that Cleco breached the contract by delivering the equipment late and providing machinery that did not meet the contract specifications or that was defective. Dura-Crete claims that the delay prevented its contractor from completing the plant on time and that Cleco's failure to provide adequate instructions caused further delays. Because the machines were not automated as Dura-Crete expected, Dura-Crete contends it needed to hire two other companies to automate the machines.

2

Cleco denies Dura-Crete's assertions and counters that misuse of the machines and Dura-Crete's and its contractor's negligence caused any damages.

## Discussion

Section 1404(a) allows a district court to transfer any civil action to any other district where it might have been brought when such a transfer increases the convenience of the parties and witnesses and is in the interest of justice. See 28 U.S.C. § 1404(a) (1994). Cleco does not dispute that this case could have been brought in Indiana.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. V. Ricoh Corp., 487 U.S. 22, 29 (1987) (quoting Van Dusan v. Barrack, 376 U.S. 612, 622 (1964)). It is the movant who must demonstrate "that [the] factors predominate in favor of the transfer." See Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 439 (D.N.H. 1991). The court should accord deference to the plaintiff's choice of forum. See Anderson v. Century Products Co., 943 F. Supp. 137, 149 (D.N.H. 1996). However, section 1404(a) does not merely codify the common law doctrine of *forum non conveniens*, but rather allows

3

"courts to grant transfers upon a lesser showing of inconvenience." Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955).

Thus the court has broad discretion to grant or deny change of venue based upon the convenience of the parties and witnesses, as well as practical concerns such as the availability of compulsory process and consideration of which court is more familiar with the applicable law. See D'Allesandro v. Johnson & Wales Univ., Civ. 94-543-SD, 1995 WL 113928, at *1 (D.N.H. Mar. 16, 1995); Buckley, supra, 762 F. Supp. at 439. The burden is upon the movant to show that these factors outweigh the plaintiff's interest in choosing his or her forum.

In weighing the convenience of the parties, the court will consider their respective residences, the cost to the parties of litigating in the alternate forums, and the financial strength of the parties. See Anderson, supra, 943 F. Supp. at 148; D'Allesandro, supra, 1995 WL 113928, at *2. In this case, both parties argue, not that their opponent's chosen forum is inconvenient, but that their preferred forum does not inconvenience their opponent.

New Hampshire, as evinced by Cleco's choice of forum, is a more convenient forum for Cleco. Cleco's principal place of business is in New Hampshire. Transfer to Indiana would require Cleco to incur increased litigation costs. However, there is no

4

indication that Cleco does not possess the financial strength to absorb these costs. Furthermore, consideration of the financial strength of the parties "is usually only applicable to situations where an individual is suing a large corporation and thus would not be applicable here." Aquatic Amusement Assoc. V. Walt Disney World, 734 F. Supp. 54, 59 (N.D.N.Y. 1990).

On the other hand, Dura-Crete is an Ohio corporation with its principal place of business in Ohio. Thus Dura-Crete will incur the costs of defending this litigation outside its home state, regardless of whether the court transfers the case. Although the court recognizes that traveling to New Hampshire would be more burdensome, the added convenience to Dura-Crete does not weigh heavily in favor of transfer to Indiana.

Thus the court finds that the convenience of the parties, being roughly equal, does not favor transferring this case to Indiana.

Convenience of the witnesses is the most important factor that the court must consider. See Buckley, supra, 762 F. Supp. at 440; CHARLES WRIGHT, ET AL., 15 FEDERAL PRACTICE AND PROCEDURE § 3851 (1986). Section 1404(a) requires the court to consider the convenience of the witnesses to protect parties and non-parties from unnecessary inconvenience and expense. See Van Dusen v. Barrack, supra, 376 U.S. at 616. However, this factor should not

be merely a battle of numbers decided in favor of the party who can craft the longest list of in-state witnesses. See Anderson, supra, 934 F. Supp. at 149. The court should give primary consideration to witnesses whose testimony will be central to the trial. See id. The court also will give the convenience of expert witnesses less emphasis. See WRIGHT, supra, § 3852.

In this case, both sides, coincidentally, have produced lists of fifteen witnesses for whom testifying in their opponent's preferred forum would be difficult or impossible. Dura-Crete's list includes contractors and subcontractors who were involved in constructing the plant and installing the Cleco equipment, employees of the companies that Dura-Crete hired to automate the machines, as well as former and current Dura-Crete employees, all of whom are residents of Indianapolis. Dura-Crete intends to call these witnesses to testify about the problems Dura-Crete encountered with the Cleco machines, the lack of adequate instructions, and damages caused by the nonperformance of the equipment. These witnesses clearly are central to Dura-Crete's claims that the equipment did not conform to the contract specifications, that Cleco breached warranties, and that the machines were defective. The testimony of these witnesses is also pertinent to determining Dura-Crete's damages and is relevant to Cleco's defense that Dura-Crete misused the equipment and was contributorily negligent.

Cleco's list of witnesses consists of nine New Hampshire

6

residents, three Massachusetts residents, one resident of Vermont, and two Canadians. The court rejects the claim that the convenience of the Canadian witnesses favors New Hampshire. These witnesses, who will be traveling from Montreal, will require airline transportation and hotel accommodations, regardless of whether they testify in New Hampshire or Indiana. Cf. Studiengesellschaft Kohle MBH v. Shell Oil Co., Civ. 93-1868 (PKL) 1993 WL 403340, at * 4 (S.D.N.Y. Oct. 8, 1993) (holding appearing in Texas instead of New York increased burden to German plaintiff only marginally). However, the convenience of the Massachusetts and Vermont witnesses does weigh in favor of New Hampshire.

The court also suspects that some of Cleco's witnesses may be characterized more properly as expert witnesses. Specifically, Peter Wagner, David Kobisky, and Doug Carr do not appear, according to Cleco's memorandum, to posses personal knowledge about the machines sold to Dura-Crete. See Memorandum of Law in Support of Plaintiff's Objection to Defendant's Motion to Change Venue at 6-7. Instead, these witnesses will provide general testimony about the operation of the type of machines involved and opinion testimony about the quality of Cleco machines and their component parts.

The remaining Cleco witnesses are employees or contractors who will testify about the design of the equipment Cleco sold to Dura-Crete. This testimony is central both to Cleco's contention

7

that the equipment met contractual specifications and to refute Dura-Crete's claim that the machines were defective.

Thus either choice of forum would inconvenience key witnesses. However, because more of the central witnesses are located in Indiana, this factor weighs in favor of transfer.

Consideration of witnesses does not end with their convenience, however. The court must now weigh the interest of justice. Because justice is better served when testimony is live, the court must consider the availability of compulsory process to compel the testimony of key witnesses. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 511 (1947) ("to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants"); Anderson, supra, 943 F. Supp. at 149. In this calculation, the court discounts witnesses who are employees of a party because the court assumes their attendance can by obtained by that party. See WRIGHT, supra, § 3851.

Both parties to this case, as discussed above, would like to call witnesses who are outside the jurisdiction of their opponent's preferred forum. Cleco's list of witnesses includes eight potential witnesses who are non-employees and are within the jurisdiction of the New Hampshire court. Dura-Crete plans to call twelve non-employee witnesses who are Indianapolis residents.

The court finds that the preference for live testimony favors Indianapolis.  Although the court recognizes that there are key witnesses on both sides whom the court cannot compel to testify in the alternate forum, the court finds that this factor weighs in Dura-Crete's favor because it has more key witnesses in Indianapolis and all of its witnesses profess first hand knowledge relevant to central issues in this case.

After weighing all the factors in this case, the court finds that transfer to Indiana is appropriate.  The court is persuaded by the fact that the most important factor--the convenience of witnesses--favors transfer.  Furthermore, the strong preference for live testimony dictates that justice will be better served by transfer to Indiana.

<u>Conclusion</u>

For the above-mentioned reasons, the Motion of Defendant Dura-Crete, Inc. To Change Venue (document 9) must be and herewith is granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

November 26, 1997

cc:    Jeffrey B. Osburn, Esq.
       Lawrence M. Edelman, Esq.
       Mark C. Bissinger, Esq.

9